State ex rel. Owens, petitioner, v. Draper, State Auditor.

STATE *ex rel.* JAS. W. OWENS, Petitioner, *v.* DAN. M. DRAPER, State Auditor, Respondent.

1. *Mandamus — Election of judge to Legislature — Pay of a judge while member of Legislature.*—Under section 11, article 4, Constitution of Missouri, where one holding the office of judge of a Circuit Court qualified and took his seat in the Legislature, he elected to vacate the office of judge, and would not be entitled to his salary as judge afterwards. He should, however, receive pay after the time of his election in the Legislature till he qualified as member.

## Petition for mandamus.

*King Brothers*, for petitioner.

*H. B. Johnson*, Attorney-General, for respondent.

I. The two offices of circuit judge and State representative are made incompatible by our constitution. (Const., art. 4, § 11.)

II. These offices would be incompatible at common law. (Bryan v. Cattell, 15 Iowa, 550; Milward v. Thatcher, 2 T. R. 81; 17 Howell's State Trials, 846, note; Rex v. Tizzard, 9 B. & C. 418; Rex v. Geyer, 1 Burr. 245; Rex v. Lawrence, 2 Chit. 271; Rex v. Sir Wm. Trelawney, 3 Burr. 1615; Rex v. Pateman, 2 T. R. 777; Rex v. Bond, 6 D. & R. 333; Rex v. Patterson, 4 B. & Ad. 23.)

III. Where a person accepts an office incompatible with another office already held by him, the office previously held thereby becomes vacant. (Milward v. Thatcher, 2 T. R. 81; Rex v. Sir Wm. Trelawney, 3 Burr. 1615; 1 Kyd on Corp., ch. 3, § 3; 17 Howell's State Trials, 846, note; Rex v. Tezzard, 9 R. & C. 418; Rex v. Pateman, 2 T. R. 777; Rex v. Bond, 6 D. & R. 333; Rex v. Lawrence, 2 Chit. 371; Rex v. Geyer, 1 Burr. 245; Rex v. Patterson, 4 B. & Ad. 23; Cole on Crim. Jur. 54, Law Lib. 116; Stamland v. Hopkins, 9 M. & W. 178; People v. Provinces, 34 Cal. 520; Bryan v. Cattell, 15 Iowa, 550.)

WAGNER, Judge, delivered the opinion of the court.

The relator, who was formerly judge of the ninth judicial circuit, asks this court to issue a peremptory writ of *mandamus*

against the respondent, who is State auditor, to compel him to audit his account for salary as judge, from the first day of January, 1868, to the 31st day of March in the same year. The auditor, in his answer, assigns as a reason for his refusal to audit the said account, that on the first day of January, 1868, the said Owens resigned the office of judge of the ninth judicial circuit, and did not hold or execute the duties of the office thereafter. And for a further answer he says that from the first day of January, 1868, to the 31st day of March, 1868, Owens held and exercised the office of representative in the house of representatives in the Missouri State Legislature, and that he has heretofore received a warrant for his services as such representative, which warrant has been duly paid by the State treasurer; and that the relator is not entitled to receive from the State payment for services in two capacities for the same time.

To this return there is a replication filed, in which it is denied that the relator resigned the office of judge of the Circuit Court, and it is also denied that he was a member of the Legislature from the first day of January, 1868, as stated in the return. But it is admitted that he was a representative in the lower house of the General Assembly from and after the 15th day of January thereafter.

The case is submitted on the pleadings, and they show that whilst Owens was a judge of the Circuit Court he was elected a representative to the Legislature, qualified, took his seat, and performed the duties and functions of that office. There does not appear to have been any resignation of the judgeship, and the question is whether he could legally hold the two offices and receive the pay appertaining to both at the same time. There has never been any doubt about the principle, so far as I am advised, that at common law, if a party accepts another office which is incompatible with the one he holds, the first one would become vacant.

Suppose Owens, instead of being elected to the Legislature, had been elected to a seat on this bench, and had qualified and entered on the discharge of its duties. It is perfectly clear to my mind that his seat on the circuit bench would have been

thereby vacated.   Or if the auditor should be elected treasurer, or the attorney-general secretary of State, their acceptance of the latter offices would necessarily vacate their former ones. Besides the common-law rule, the State government is divided into separate and distinct branches or departments, the officers of each having separate and independent functions to perform.   It was designed that they should be distinguished and divided by a line of demarkation, and that one should not trench upon the other.   This principle was deemed of such importance that it was made the subject of an express constitutional provision.   In the constitution it is declared that " no member of Congress, or person holding any lucrative office under the United States or this State (militia officers, justices of the peace and notaries public excepted), shall be eligible to either house of the General Assembly, or shall remain a member thereof, after having accepted any such office, or a seat in either house of Congress."   (Const. of Mo., art. 4, § 11.)

Under this provision a judge of a court of record is clearly ineligible to a seat in either house of the Legislature whilst he holds the office of judge.   The existence of the two offices in the same individual is incompatible, and is peremptorily prohibited.

By the phrase " shall not be eligible," I do not think it was intended to prohibit a person who occupied the position of judge from running for or being elected to the Legislature.   But if he should run and be elected, he would have to make his choice of which office he would retain, and his acceptance of one would necessarily operate as a vacation of the other.   Therefore it follows that when Owens qualified and took his seat in the Legislature he elected to vacate and abandon the office of circuit judge.

It is contended that the relator is at least entitled to pay up to the 15th day of January, the time at which he took his seat in the house of representatives, and this, I think, is correct. Although previously elected, he did not qualify and actually become a member till that time.   Up to that date he was circuit judge, and held no other office.   He is, therefore, entitled to draw his salary as circuit judge for the period of two weeks, com-

mencing on the 1st day of January, 1868; but as the petition asks for the full salary of an entire quarter, it can not be allowed.

Writ denied. The other judges concur.