## OPINION OF THE JUSTICES.

*Election of senators—The senate final judges.*

By Article XXXV of the constitution, the senate are made "final judges of the elections, returns, and qualifications of their own members." When the senate, in pursuance of this power, have adjudged that a person claiming a seat as senator was duly elected, and possessed of the requisite qualifications, their judgment is final, and cannot be questioned by the executive or judicial departments of the government.

SENATE CHAMBER,

CONCORD, NEW HAMPSHIRE, June 3, 1875.

*To the Hon. Justices of the Superior Court of the State of New Hampshire:*

*Gentlemen:*—I herewith enclose a copy of a resolution this day adopted by the senate, and respectfully ask Your Honors' opinion upon the same at the earliest practicable moment.

Most respectfully yours,

JOHN W. SANBORN, *President.*

## STATE OF NEW HAMPSHIRE.

IN THE YEAR OF OUR LORD ONE THOUSAND EIGHT HUNDRED AND SEVENTY-FIVE.

IN SENATE, June 3, 1875.

*Whereas,* By the returns of the votes for senators on the second Tuesday of March last, laid before the governor and council, it appeared that the vote in the second district was as follows,—

| | |
|---|---|
| " Scattering " | 3 |
| For Arthur Deering | 2 |
| For Joseph Pettigrew | 1 |
| For Joshua C. Merrick | 95 |
| For Natt Head | 3,771 |
| For James Priest | 3,834 |

and upon due examination the governor and council decided and voted " that the votes cast and returned in District No. 2 for Natt Head, numbering 3,771, be rejected, on the ground that they were intended to be cast for Nathaniel Head, of Hooksett, and did not contain the full Christian name of the candidate voted for; that one vote cast and returned for Joseph Pettigrew be rejected, on the ground that Mr. Pettigrew is not, and was not at the last election, a resident of said

district; that two votes cast and returned for Arthur Deering be rejected, on the ground that Mr. Deering is not, and was not at the last election, a resident of said district, and had not then been a resident of the state for seven years immediately preceding; and that three votes returned as scattering be also rejected, as not being votes duly returned; and that these votes being rejected from the computation, James Priest, having received a majority of all the votes legally cast and returned in said district, be declared elected, and be summoned to take his seat in the senate on the first Wednesday of June next by the governor," and a summons was accordingly issued to him:

*And whereas,* By the returns of the votes aforesaid, it appeared that the vote in the fourth district was as follows:

| | |
|---|---:|
| For Benjamin M. Gilmore............................. | 3 |
| For Ira Osgood.................................... | 1 |
| For G. E. Todd.................................... | 2 |
| For Moses Humphrey.............................. | 1 |
| For Abraham Thorpe.............................. | 9 |
| For Henry M. Putney.............................. | 1 |
| For James M. Bishop.............................. | 1 |
| For Arthur Deering ............................... | 46 |
| For George E. Todd............................... | 3,457 |
| For John Proctor.................................. | 3,495 |

and upon due examination the governor and council decided and voted " that the votes cast and returned in district No. 4 for Arthur Deering, 46 in number, be rejected, on the ground that Mr. Deering has not been a resident of the state for the seven years next preceding the last election; that one vote cast and returned for James M. Bishop be rejected, on the ground that Mr. Bishop is not, and was not at the last election, a resident of the district; that nine votes cast and returned for Abraham Thorpe be rejected, on the ground that Mr. Thorpe is not, and was not at the last election, a resident of the district; that two votes cast and returned for G. E. Todd be rejected, on the ground that they do not contain the full Christian name of the candidate intended to be voted for; and that three votes cast and returned for Benjamin M. Gilmore be rejected, on the ground that Mr. Gilmore is not, and was not at the last election, a resident of said district; and that the aforesaid votes being rejected from the computation, John Proctor, having received a majority of all the votes legally cast and returned in said district, be declared elected, and be summoned by the governor to take his seat in the senate on the first Wednesday of June next," and a summons was issued to him accordingly:

*And whereas,* On the first Wednesday of June, 1875, a full senate appeared, and were qualified, including the said James Priest and John Proctor, as senators from said 2d and 4th districts, and the senate were thereupon duly organized:

*And whereas,* After said organization, on the second day of June aforesaid, the returns of the votes in the several senatorial districts being examined by a committee of the senate, and the returns of the votes in

said 2d and 4th districts being found to be as before stated, the senate determined, and voted, that, of the votes in the 2d districts, the votes cast and returned for Natt Head, numbering 3,771, should be rejected, on the ground that they were intended to be cast for Nathaniel Head, of Hooksett, and did not contain the full Christian name of the candidate voted for ; that one vote cast and returned for Joseph Pettigrew should be rejected, on the ground that Mr. Pettigrew is not, and was not at the last election, a resident of said district ; that two votes cast and returned for Arthur Deering should be rejected, on the ground that Mr. Deering is not, and was not at the time of the last annual election, a resident of said district, and had not then been a resident of the state for seven years immediately preceding; and that three votes returned as scattering be also rejected, as not being votes duly returned ; and that James Priest, having received a majority of all the votes legally cast and returned in said district, is elected senator for the same ;—and also voted and determined that, of the votes in the 4th district, the votes cast and returned for Arthur Deering should be rejected, on the ground that Mr. Deering has not been a resident of the state for the seven years next preceding the last election ; that one vote cast and returned for James M. Bishop should be rejected, on the ground that Mr. Bishop is not, and was not at the last election, a resident of the district ; that nine votes for Abraham Thorpe should be rejected upon the same ground ; that two votes cast and returned for G. E. Todd should be rejected, on the ground that they do not contain the full Christian name of the candidate intended to be voted for ; and that three votes cast and returned for Benjamin M. Gilmore should be rejected, on the ground that Mr. Gilmore is not, and was not at the time of the last election, a resident of said district ; and that John Proctor, having received a majority of all the votes legally cast and returned in said district, is elected senator for the same:

*And whereas,* Said James Priest and John Proctor are now occupying seats in said senate, as senators from said 2d and 4th districts respectively :

*And whereas,* The right of said James Priest and John Proctor to have and retain their seats in the senate has been questioned:—therefore,

*Resolved,* That the president of the senate is hereby requested to obtain the opinion of the superior court as to the right of James Priest and John Proctor to retain their seats in the senate.

*To the Honorable Senate of the State of New Hampshire :*

The justices of the superior court have been furnished with a copy of the preamble and resolution passed by the senate on the 3d inst., by which resolution their opinion is required in regard to the "right of James Priest and John Proctor to retain their seats in the senate," upon the facts stated in the preamble.

We have, in reply to a resolution from the house of representatives, declined to express our opinion upon a past and completed act of the

executive department of the government, performed in the discharge of a duty expressly required of that department by the constitution, upon the ground that such opinion, if given, could have no greater weight or authority than a criticism of one branch of the government upon the conduct of another coördinate branch; and that such official act on the part of the justices of this court would not be consistent with the grave duties imposed upon them by the constitution of the state.

It appears by the preamble that the governor and council, assuming to discharge their duties as prescribed in Article XXXIII of the constitution of this state, declared that Messrs. Priest and Proctor appeared to be elected senators according to the provisions of that article, and that the governor did thereupon issue summonses to them, and that they, in obedience thereto, appeared, on the first Wednesday of June inst., at the senate chamber, and, with the other ten persons who had been summoned by the governor to appear at the same time and place, were qualified as senators by taking the oaths prescribed by the constitution. By this action of the governor and council, whether it be regarded as within or exceeding their constitutional powers, Messrs. Priest and Proctor received the usual credentials, which authorized them to assemble with the other ten senators and take the prescribed oath of office; and they thereupon became senators, subject to the constitutional authority of the senate as final judges of the qualifications and elections of its members.

It further appears that the senate have proceeded to examine the returns of votes for senators, and have adjudged that Messrs. Priest and Proctor, having received a majority of all the votes legally cast and returned in their respective districts, were elected senators thereof.

By Article XXXV of the constitution, the senate are made "final judges of the elections, returns, and qualifications of their own members, as pointed out in this constitution." We are of opinion that from the action of the senate in this respect there can be no appeal. By the express terms of the constitution, the action of the senate is made *final*. If the framers of our organic law had intended that some court or other tribunal should have the power, by writ of *quo warranto* or *mandamus*, or other process, to reverse the action of the senate, they would have so expressed themselves, in language which could not be misunderstood. We are therefore of opinion that when the senate adjudged that Messrs. Priest and Proctor were duly elected senators, their action was final and conclusive of the right of said Priest and Proctor to hold their seats as senators.

The foregoing opinion is based entirely upon the facts stated in the preamble to the resolution, and upon the assumption that when the senate undertook to act as final judges of the qualifications and elections of Messrs. Priest and Proctor, there was a constitutional quorum present.

June 8, 1875.

E. L. CUSHING,
W. S. LADD,
ISAAC W. SMITH,

*Justices of the Superior Court of Judicature.*