(Decided January 5th, 1898).

---

JOHN E. STERLING et al., Supervisors of Elections, etc., *vs.* HORATIO W. JONES et al.

*Elections and Voters—Nomination of Candidate for Office by Certificate—No Withdrawal of Names from Certificate—Duty of Supervisors of Election to Place Names of Candidates on the Official Ballot—Mandamus—Answer.*

When a candidate for an office has been regularly nominated by a certificate in due form, signed by the requisite number of voters, it is the duty of the Supervisors of Elections to place the name of such candidate upon the official ballot. They are not authorized to refuse to do so upon the ground that a number of the voters who signed

the certificate afterwards file a paper withdrawing their signatures. The statute (Act of 1896, ch. 202) does not authorize the withdrawal of names from a certificate of nomination.

When an order to show cause is issued against certain persons as Supervisors of Elections individually and not as a board and they answer the petition, they cannot afterwards be heard to complain that they were not properly brought before the Court.

Where a party duly nominated for an office applies for a *mandamus,* directing the Supervisors of Election to place his name on the official ballot, the petition need not allege that the party possesses the constitutional qualifications for holding the office in question.

Appeal from the Circuit Court for Somerset County (LLOYD, J.)

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, PAGE and ROBERTS, JJ. (Oct. 30, 1897).

*Thomas S. Hodson,* for the appellants.

*James E. Ellegood,* for the appellees.

McSHERRY, C. J., delivered the opinion of the Court.

This case was argued on October the thirtieth, eighteen hundred and ninety-seven, just five days prior to the election held on the third of last November. As the issue involved demanded an immediate decision, a *per curiam* opinion was filed the same day. Upon further reflection we do not perceive that any useful purpose could be served by elaborating that opinion, and we accordingly, with a few · unimportant verbal changes, confine ourselves to it as the final opinion in the case.

An order was signed by the Circuit Court for Somerset County directing a writ of *mandamus* to issue commanding the Supervisors of Election of that county to place the, names of certain persons on the official ballot for various local offices. From that order this appeal was taken by the Supervisors.

We entertain no doubt about the correctness of the order. Under the pleadings there is but a single question involved.

Certain persons were nominated for office in Somerset County by a certificate of nomination signed by more than two hundred voters of that county. There is, and there can be no dispute about the regularity of the certificate. It was presented in due time to the Supervisors of Election of Somerset County, and under sec. 38, ch. 202, Acts of 1896, the duty was at once imposed upon the Supervisors to place the names of the candidates so nominated under *such* a certificate upon the official ballot. Instead of doing this they permitted what is called a withdrawal paper signed by some seventy odd of the persons who had previously subscribed the nomination certificate to be presented; and upon discovering that this withdrawal paper had not been verified by affidavit, they allowed it to be taken away; and they, themselves, adjourned until the twenty-second of October—the last day upon which nomination papers could be filed. When that day arrived they again met and a majority then determined that the candidates nominated by the certificate should not go on the official ballot, though the nomination certificate was in all respects regular and conformed in every particular to the law. The sole ground upon which this action—this refusal—was based is given in the answer of the two Supervisors who constitute the majority, and it is this : That because some ninety of the persons who had originally signed the certificate had subsequently requested the Supervisors to erase their names therefrom, the nomination certificate was left without two hundred signatures, and was consequently no nomination certificate at all. And that it was no nomination certificate if there were less than two hundred names upon it because a nomination by certificate cannot be made under the statute by less than two hundred signatures. The question thus presented is one of law and not one of fact. In law the defence thus set up is wholly untenable.

The Act of 1896 contemplates no such proceeding as is here relied on. When the nomination certificate is filed, if it conforms to the requirements of the statute the plain and

obvious duty of the Supervisors under *sections 49 and 50* of the same *Act of 1896*, is "to cause to be printed on the ballot the name of every candidate whose name has been certified to or filed with" them; and there is no provision whatever authorizing them to receive, consider or act on any withdrawal paper, except a withdrawal by a candidate who has been actually nominated. Certainly there is no authority for the Supervisors, at the request of any one, to erase names from such a certificate. The practice followed in this case, if tolerated by the statute, or by any fair construction of the statute, would open the way to flagrant frauds upon the rights of candidates, and would convert the Supervisors into a tribunal clothed with Judicial functions, and this the Act of Assembly never designed to make them.

If they have the right to withhold from the ballot the names of candidates selected by nomination certificates, because some of the signers subsequent *to the filing* of the paper with the Supervisors voluntarily withdraw, or are induced or prevailed on to withdraw their names from the certificate; there is no reason why they should not also have the authority to refuse to place on the ballot the names of candidates nominated by a convention or a primary, if after the convention or the primary had been held, a majority of its members demand the withdrawal of the nominee. We find no more warrant in the statute for the position taken in the respondent's answer, than we find for the other alternative just suggested. The contention is at war with the whole policy of the law, which entrusts to these ministerial officers no discretion; but imposes upon them an imperative duty to place on the ballot the names of the persons nominated in any one of the three modes designated in the Act of 1896. There is no provision in the statute permitting a voter who has signed a nominating certificate to erase or withdraw his name therefrom after that certificate has been filed with the Supervisors. If the Legislature had intended that such an authority should be

retained by the voter it would undoubtedly have been stated in terms sufficiently clear to admit of no debate. The withdrawal paper was consequently a mere nullity. It should not have been received or considered. It in no way affected the right of the candidates, nominated in and by the certificate, to have their names go on the ballot.

But it was urged that the Supervisors were not properly brought into Court under the petition, because it is alleged the order to show cause went out against them individually and not as a board. They were proceeded against in their official capacity. In that capacity they appeared and filed their answers, making defence and the defence upon which they relied is the one we have already considered and not the purely technical one now being discussed. They were actually in Court and cannot be heard to complain that they were not brought there properly.

Nor is there any force in the objection that the petition does not set forth the facts requisite under the constitution and the laws to qualify the candidates to hold the several offices for which they were nominated. The Supervisors are not made judges of the qualifications of candidates. There are other tribunals established to pass upon those questions. The answers to the petition do not pretend to rely upon any want of qualifications as a reason for refusing to place the names of the candidates on the ballot.

The remaining technical objections interposed at the argument need not be considered, as they have all been substantially settled in former decisions by this Court in other cases.

*Order affirmed with costs.*

(Decided January 5th, 1898).