## J. HARRY COVINGTON *vs.* LEWIS BUFFETT, JOHN T. TRAX, J. HARRY RADCLIFFE, BOARD OF SUPERVISORS OF ELECTIONS OF TALBOT COUNTY.

*Office and Officer—Vacancy in Office of State Senator—Constitutional Law.*

The Courts have no power to decide that a State Senator has vacated the office during the term for which he was elected, by his acceptance of another office, because Constitution, art. 3, sec. 19, provides that each House of the Legislature shall be the judge of the qualifications and elections of its own members.

Appeal from a *pro forma* judgment of the Circuit Court for Talbot County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and BOND, JJ.

*John Prentiss Poe* (with whom was *Wm. H. Adkins* on the brief), for the appellant.

The petition shows a *bona fide* belief by the Democratic convention that a vacancy exists in the office of State Senator of Talbot county, and it states the grounds of that belief. The facts upon which this belief was and is founded being distinctly stated, were easily capable of denial, if they were not true. But they are not denied. If true, they unquestionably show that a vacancy does exist, and that the people of Talbot county are entitled to fill such vacancy at the coming general election. It is accordingly as much the bounden duty of the appellees to print the name of the appellant upon the official ballot, as the nominee of the Democratic party for the Senate, as it is their duty to print the names of the nominees of the same Democratic convention for the House of Delegates.

But the reasons assigned by the appellees for their refusal

to print the name of the appellant upon the official ballot themselves demonstrate that their contention is untenable. The duty of the appellees is ministerial only. It is not for them to say whether a vacancy in the office of Senator exists or does not exist, nor to refuse to give effect to the plain meaning of the Constitution ; nor have they the power under our election law to deprive the people of Talbot county or the Democratic party of that county from casting their votes for any candidate duly nominated according to law, and whose nomination is duly certified to them, It is sufficient to entitle the appellant to have his name printed upon the official ballot as the nominee of his party that a *bona fide* claim is made that a vacancy now exists in the office of Senator from Talbot county, that he has been regularly and duly nominated by his party for that office, that his nomination papers are in legal form, and have been duly certified to the appellees as the Board of Supervisors of Elections of Talbot county. Under the Constitution the Senate is the only tribunal competent to pass upon the question as to whether Mr. Dodson's seat is vacant. The Courts have no jurisdiction over this question.

This Court, having no power to decide the question whether the vacancy does or does not exist, cannot properly decline to issue the *mandamus* asked for on the ground that to issue it will be to direct the performance by the appellees of a nugatory act. Whether the act of voting for Senator for Talbot county will or will not be nugatory rests entirely with the Senate, which is the sole judge of the election and qualification of its members. It is the only tribunal which can pass upon the question as to whether a vacancy does or does not exist.

If it be conceded, as it must be, that the duties of the appellees in this particular are ministerial only and that it is not within their province to refuse to put on the official ballot the name of any candidate or candidates whose nomination is duly certified to them ; and if it be further conceded, and it must be, that the Senate is the only tribunal

which can consider and decide the question as to the election and qualification of its members, then the question as to whether the *mandamus* in this case would require, if issued, the performance of a nugatory act by the appellees cannot possibly arise or be considered. No possible harm can be done by ordering the *mandamus*, while, on the contrary, great injury may result to the people of Talbot county if it shall be denied. No additional expense is put upon the county by printing the name of the appellant upon the official ballot. If it shall be so printed and he shall receive a majority of the votes cast at the election, and the Senate shall decide that a vacancy now exists in the office of the Senator, which vacancy was properly filled, the Court can plainly see that the granting of the *mandamus* will impose upon the appellees the performance of the very opposite of a nugatory act. If, on the other hand, it shall not be so printed and no election be held for State Senator for Talbot county, and the Senate shall hold that Mr. Dodson's seat is vacant, a new election, with all its attendant expense and delay, will be necessary, and in the meantime Talbot county will be unrepresented in the Senate. And moreover, the clear intent of the Constitution will have been frustrated, for the reason that in such a case as is presented here, the vacancy must be filled at the next general election, and not at a special election to be held under the warrant of the Governor. The printing of the appellant's name on the official ballot can only be claimed to be a nugatory act upon the assumption that the Senate will hold that no vacancy exists. And this is to beg the very question in dispute, which question we respectfully submit this Court has no power to decide.

In *Wells* v. *Munroe*, 86 Md. 443, this Court had full jurisdiction over the question of vacancy *vel non* in the office of Clerk of the Circuit Court, and a decision of this question was necessary in order to enable it to determine whether the *mandamus* prayed for ought to be issued.

In *State* v. *South Kingston*, 18 R. I. 258; 22 L. R. A.

65, it was held that a Court may order an election to be held for a member of the Legislature, although the validity of a previous election may be involved, and although the Legislature judges of the elections of its own members.

*Leon E. Greenbaum* (with whom was *R. Rastall Walker* on the brief), for the appellees.

The contention of the appellees is not that Henry Clay Dodson has not committed acts sufficient to warrant his disqualification, but that Boards of Supervisors of Election have no facilities in fact and no power in law to pass upon questions of disqualification, and that until such a question has been determined by the proper tribunal and an election ordered in the manner by law provided, there can be no valid election for a successor to Henry Clay Dodson. The appellees further contend that a mere nomination by a political convention is not sufficient to entitle the nominee by *mandamus* to compel the placing his name upon a ticket which contains nominations for other offices than the one for which the nominee has been selected, and which are by law to be filled at the coming election, if there is to be no election for the office which the nominee seeks at the time when the ticket for other offices is to be voted upon. *Worman* v. *Hagan*, 78 Md. 163; *Wells* v. *Monroe*, 86 Md. 448.

And this doctrine must be the law if elections are to have any significance, for otherwise a political convention might nominate some one to run as a Presidential Elector at the election of November, 1899, or as the successor of a Clerk of Court, who had not committed any act of disqualification, and whose term had not expired, and the Board of Supervisors would be compelled to recognize officially the nominee, even though he was clearly not entitled to anything if elected. The appellees contend, however, that the Board of Supervisors of Election are not compelled to recognize a nomination, unless the term of the incumbent has expired or the seat has been vacated, and further, that the vacancy must be of such character that a new election is

necessary to fill it, and the new election must have been ordered in the manner by law provided. The provisions for the ordering of a new election in case of disqualification of a member of the House of Delegates or Senate of Maryland are found in section 13 of Article 3 of the State Constitution.

The petitioner in this case does not contend that the provisions of this section have been complied with, but seeks in his *mandamus*, what is virtually the ordering of a warrant of election by a Court of Justice. The provisions of section 13 were inserted in the Constitution in order to cover all cases where a new election should be ordered, and they provide the method of ordering it. The contention of the appellant is that there is a state of facts sufficient to order a new election, but he refuses to seek the aid of the tribunals which, by the Constitution, are given the power to order such an election, and these tribunals are either, 1st: The Senate of Maryland, which is judge of the qualifications and elections of its members (section 19 of Article 3, Constitution) and acts through its President in issuing a warrant of election, or 2nd: The Governor of the State, acting after authorization from the person disqualified.

The appellant cannot cite any section of the Constitution of this State giving a Court power to order an election for Senator before the expiration of the period of four years from the time of the election of a Senator. On the contrary, the fact that such power is lodged elsewhere by express constitutional provision is the best argument that it does not exist in a Court of Justice.

The petitioner, in the 7th and 8th paragraph of his petition, admits that the only tribunal which is competent to pass upon the question as to whether a vacancy exists in the office of Senator for Talbot county is the Senate of Maryland, and yet the effort he makes is to have a Court and jury pass upon the averment in his 6th paragraph, to-wit : the averment that a vacancy exists in the said office ; and he further seeks to have the Court order an election.

We contend that section 13 was intended to prevent a contest in Court such as the petitioner in this case has brought about, and the object of limiting new elections, when the Senate is not in session to cases where the member announces his retirement, was that there could not be a contest for membership when a member had admitted his inability to serve.    This conclusion is rendered irresistible by the concluding language of said section 13, which is to the effect that the election ordered by the Governor shall take place on the day of the ensuing election for Delegates and Senators, unless a meeting of the General Assembly may intervene.    If the mere performance of a disqualifying act by a member of the Legislature results in a vacancy and an election, why this provision for a special election at the next election for Delegates and Senators, when, according to the appellant, there would be such an election then in any event?    It is manifest that if the three events do not occur, to-wit : (1) notification from the member to the Governor; (2) a warrant of election from the Governor ; and (3) no meeting of the General Assembly in the interim, that then there is no election at the day of the ensuing election for Delegates and Senators, and that as none of the conditions precedent have been complied with in this case, there can be *no* election for Senator from Talbot county at the next ensuing election for Delegates and Senators, to-wit, on the 7th of November, 1899.

The truth is that the constitutional provisions were intended to remove any doubt as to who was to be voted for at an election, and when an election was to take place. The community knows that a Senator is to be elected every four years; it does not know, and cannot know, whether a Senator so conducts himself while in office that he is entitled to retain his seat during the term for which he was elected.    The only way that it can know when special elections are to be held is when it is notified by the warrant of election from the President of the Senate or the Governor of the State.    Then each member of the community knows

there is a vacancy, and each party knows it, and accordingly candidates are nominated by all parties, and people vote for the candidates who suit them. Can it be said to be an election when a community is undecided as to whether there is a vacancy, and when only one party has nominated a candidate? It surely was not intended that each individual should decide for himself, or that political conventions should be the arenas, where debates should be carried on as to whether a person has removed from a county or accepted a Federal office, and that nominations should be made without any assurance that there was to be an election, and that persons should be selected for office, where there is no real contest for such office, owing to a conflict of testimony about a matter which is incapable of final solution by the tribunal, to-wit, the political convention, which the appellants contend is qualified to pass upon it. *Story on the Constitution*, 833; *Peabody* v. *Scoohl Comr's*, 115 Mass. 383; 10 *Am. & Eng. Ency. Law* (2nd. ed.) 562, 563, 624; *Sccord* v. *Foutch*, 44 Mich. 89.

BRISCOE, J., delivered the opinion of the Court.

This appeal was heard on the 10th of October, 1899. The question involved being one of public importance and relating to an election to be held on the 7th day of November, 1899, a *per curiam* opinion announcing our decision, as requested by the counsel on both sides, was filed on the 13th of October. We will now state the reasons for that decision.

It appears that the appellant on the 2nd of October filed a petition in the Circuit Court for Talbot county for a writ of *mandamus* to compel the appellees, the Board of Superviors of Election for that county, to print his name, as the nominee of the Democratic party of Talbot county, for the office of State Senator on the official ballot to be voted for at the general election to be held on the 7th of November, 1899, and to deliver as required by law the official ballot containing his name to the proper election officers. It is

alleged by the petition that the appellant has all the requisite qualifications for the office; that his nomination was duly made and certified as provided by law; that the Hon. Henry C. Dodson, who was elected as Senator from that county at an election in November, 1897, for a term of four years, has accepted a Federal office and has removed from the county, thereby creating a vacancy in the office, and that the appellees have refused to place his name on the official ballot, although requested so to do.

The answer to this petition states the following reasons why the writ should not issue; because there exists no power in the Board of Supervisors of Election, nor in the convention of any political party, nor in any judicial tribunal to declare a vacancy in the office prior to the expiration of said term, but by express constitutional provisions elections for Senator are held at regular intervals of four years, and that the term of each Senator so elected lasts for four years and that further, each house is the judge of the qualification and election of its members as prescribed by the Constitution and laws of the State, and that in consequence no other person or body than the Senate of the State of Maryland is empowered to pass upon the question as to the qualifications of Henry Clay Dodson for holding the seat of Senator of Talbot county, and that further the Constitution of the State of Maryland contains in sec. 13 of Art. 3 definite provisions in regard to the method of ordering and holding an election for Senator in the event of disqualification, and neither of the methods so provided for has been adopted in the present case, a warrant for a new election not having been ordered by the President of the Senate or the Governor of the State of Maryland, and that in consequence there can be no election for Senator from Talbot county in the State of Maryland on the 7th day of November next; and that a Court of Justice has no power to order such, and the petitioner is therefore not entitled to have his name placed upon the official ballot as candidate for Senator at the general election of November 7th, 1899,

and that the Court will not compel the performance of a nugatory act, nor destroy the separation of power between the judicial, legislative and executive branches of the State Government.   To this answer a demurrer was interposed and from the *pro forma* order overruling the demurrer and dismissing the petition this appeal is taken.

The controlling question, then, under the pleadings in this case, is whether this Court has jurisdiction to determine whether a vacancy exists in the office of Senator for Talbot county.   It is quite clear that unless a vacancy does exist no election can be held for the purpose of electing a Senator, and to issue the writ would have no beneficial effect.

By the 8th section of Article 3 of the Constitution of this State, the term of Senator is fixed at four years, and an election of one-half of the Senators, as nearly as practicable, shall be held in every second year.   There can be no dispute that if the Hon. Henry C. Dodson was duly elected Senator in the year 1897 for a term of four years, as provided by the Constitution, there can be no election for Senator for Talbot county until the expiration of his term, unless a vacancy exists in that office.   By sec. 13 of Art. 3 of the Constitution, the mode and method of ordering an election is provided in case of death, disqualification, removal from the county of any person who has been chosen Senator.   The question then as stated comes to this, does a vacancy exist in the office of Senator for Talbot county in the Senate of Maryland, and has the Court power to determine the question ?

It is too clear, we think, for serious controversy that sec. 19, Art. 3, of the Constitution, names the only tribunal which has the power to decide the question and that is the Senate of Maryland itself.   It provides that " each house shall be judge of the qualifications and elections of its members." And we are all of the opinion that until that tribunal, which is entrusted with the exclusive authority, decides whether a vacancy exists, the Courts are without jurisdiction to interfere.

In the case of *Wells* v. *Munroe*, 86 Md. 449, cited by the appellant, the decision related to the office-of Clerk of the Circuit Court, and in that case, owing to its own peculiar circumstances, the Court had full jurisdiction to decide the question of vacancy *vel non*. It was there said: "If there is no vacancy in the office of Clerk of the Circuit Court for Anne Arundel county and no such officer was legally to be elected the Court will not direct the name of the nominee for that position to be placed on the ballot." *Worman* v. *Hagan*, 78 Md. 163; *Sterling* v. *Jones*, 87 Md. 141.

In the case at bar the Courts are without jurisdiction to entertain the proceedings for the reason that each house of the General Assembly has the sole power to judge of the qualifications of its members to the exclusion of every other tribunal.

In *Peabody* v. *The School Committee*, 115 Mass. 383, the Supreme Court of Massachusetts, in passing upon a similar provision of its Constitution, says: "It cannot be doubted that either branch of the Legislature is thus made the final and exclusive judge of all questions whether of law or of fact, respecting such elections, returns or qualifications, so far as they are involved in the determination of the right of any person to be a member thereof, and that while the Constitution, so far as it contains any provisions which are applicable, is to be the guide, the decision of either house upon the question whether any person is or is not entitled to a seat therein cannot be disputed or revised by any Court or authority whatever." The following cases are in harmony with the conclusion reached by us in this case and we cite them as bearing on the question: *People* v. *Hall*, 80 N. Y. 117; *People* v. *Board of Canvassers*, 129 N. Y. 360; *In re Contested Election of McNail*, 111 Pa. St. 235; *Mauran* v. *Smith*, 8 R. I. 192; *Weedon* v. *Town Council*, 9 R. I. 128; *Demorest* v. *Fairchild*, 67 N. Y. 334; *Ensworth* v. *Albin*, 44 Mo. 346.

We find no warrant in the Constitution for the position taken by the appellant, and if sustained would lead to an

inevitable conflict between the legislative and judicial branches of the government.    As was stated by this Court in *Worman* v. *Hagan*, 78 Md. 165, having no jurisdiction to determine the vacancy *vel non*, we disclaim all intention to investigate the question.

The remaining questions raised on this appeal need not be considered by us.

We hold that this Court has no jurisdiction to determine whether a vacancy exists in the office of Senator for Talbot county, and unless a vacancy does exist no election can be had for the purpose of electing a Senator.    The Courts are without jurisdiction to compel the appellees to place the name of the appellant on the official ballot, until the tribunal having the exclusive authority under the Constitution to decide whether a vacancy exists passes upon that question.

.                                      *Order affirmed, with costs.*