JOHN W. BOWLING *v.* McCLEAN WEAKLEY, ET AL.,
BOARD OF SUPERVISORS OF ELECTION

[No. 57, January Term, 1943.]

*Decided March 16, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, MELVIN, and ADAMS, JJ.

*Wylie L. Ritchie* and *W. Giles Parker* for the appellant.

*Michael Paul Smith* and *M. William Adelson,* with whom was *John Mays Little* on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

On September 8, 1942, Harry I. Warren was nominated as a Democratic candidate for the office of a Member of

the House of Delegates of the General Assembly of Maryland. On the same day John W. Bowling was nominated as a Republican candidate for a Member of said House. On October 1, 1942, Warren accepted a commission in the United States Naval Reserve and was called to active service as an officer of the United States Navy.

The general election occurred on November 3, 1942, and Warren was returned by the Board of Canvassers for Baltimore County as one of the six candidates for the House of Delegates that were duly elected at that election. On November 14, 1942, John W. Bowling filed a petition in the Circuit Court for Baltimore County against McClean Weakley, et al., as the Board of Supervisors of Election and the Board of Canvassers for Baltimore County, in which, among other things, it is averred "that Harry I. Warren was disqualified and ineligible to become a Member of the House of Delegates of the General Assembly of Maryland as provided by the Constitution of the State of Maryland, Article 3, Section 10," in that at the time of his election he was an officer of the United States Navy. The provision referred to provides: "No member of Congress, or person holding any civil or military office under the United States shall be eligible as a Senator or Delegate; and if any person shall, after his election as Senator or Delegate, be elected to Congress or be appointed to any office, civil or military, under the Government of the United States, his acceptance thereof shall vacate his seat." Warren received 20,995 votes and was the sixth highest in number of votes received at the election and the petitioner received 10,436 votes and received the seventh highest number of votes cast at said general election. It is contended that Warren was disqualified, under the provision of the Constitution referred to, at the time of the election and all votes cast for him should be disregarded and hence Bowling would have received the sixth highest number of votes at the election and therefore elected. He prays for the issu-

ance of a writ of mandamus directed to Weakley and others, constituting said Board of Supervisors of Election, acting as the Board of Canvassers for Baltimore County, directing them to certify Bowling's name to the Clerk of the Court of Baltimore County for transmittal to the Secretary of the State of Maryland as one of the six candidates for the House of Delegates receiving the highest number of votes cast in the general election of November 3, 1942. The respondent demurred to this petition and after full argument and careful consideration the court below sustained the demurrer by the defendants to the plaintiff's petition for a writ of mandamus and dismissed the same with costs. From that order an appeal has been taken to this court.

As the General Assembly is now in session and the issue in this case involved a seat in the House of Delegates at the present session, this court, on the 16th day of February, 1943, affirmed the decision of the lower court, with costs. This opinion will briefly state our reasons for that conclusion.

The first question that presents itself is whether the Supervisors of Election, acting as a Board of Canvassers of Baltimore County, are authorized to certify the petitioner's name as prayed by him. If they are authorized, it must be justified by the provisions of the Code and the previous decisions of this court. The persons constituting the Board of Supervisors of Election are the same persons who constitute the Board of Canvassers for Baltimore County, although the powers and functions of the two Boards are different. *Dorsey v. Ennis,* 167 Md. 444, 450, 175 A. 192. In this case we are dealing with the action of the Board of Canvassers of Baltimore County, for the prayer of the petitioner is directed to the Board of Supervisors of Election, acting as a Board of Canvassers. The duties of the Board of Canvassers are fully set out in Article 33 of the Annotated Code of Maryland (1939), Sections 124 to 129, inclusive. They are required to open the returns, canvass and

add up the votes, make abstracts or statements, write up all votes for Senator and Delegates to the General Assembly on one sheet of paper. They then transmit the statement to the Clerk of the Circuit Court for the county and in case of Delegates to the General Assembly, the Clerk of the Court prepares three certified copies and sends them respectively to the Governor, the Secretary of State and the Treasurer. The Canvassing Board declares who is elected to any office voted for only in the territory of the county or of the city, as the case may be. For the Canvassing Board to undertake to decide in this case the question of whether Warren was disqualified would be arrogating unto itself powers that are not conferred by law. As said in the case of *Sterling v. Jones,* 87 Md. 141, at page 144, 39 A. 424, at page 425: "The contention is at war with the whole policy of the law, which intrusts to these ministerial officers no discretion, but imposes upon them an imperative duty." In *Price v. Ashburn,* 122 Md. 514, at page 524, 89 A. 410, at page 414, it was decided flatly: "It has been repeatedly held that the duties of canvassing officers are purely ministerial." And that: "The canvassers could only canvass and declare the result as shown by the returns." We hold the Board of Canvassers was without power to decide that Warren was ineligible to take his seat as Delegate, and the lower court's action in refusing to issue a writ of mandamus for this reason alone was correct.

The second question in the case is whether the court would have jurisdiction to compel the seating of one claiming to have been elected a member to the House of Delegates of the General Assembly of Maryland. Section 19, Article 3 of the Constitution of Maryland provides, in part: "Each House shall be judge of the qualifications and elections of its members, as prescribed by the Constitution and Laws of the State." This matter has been definitely decided in this State in the case of *Covington v. Buffett,* 90 Md. 569, at page 577, 45 A.

204, at page 205, 47 *L. R. A.* 622, where it is said: "It is too clear, we think, for serious controversy, that Section 19, Article 3 of the Constitution names the only tribunal which has the power to decide the question, and that is the Senate of Maryland itself." In that case the election of a Senator was involved, in this case the election of a Member of the House of Delegates is involved. The court further said: "And we are all of the opinion that until that tribunal, which is intrusted with the exclusive authority, decides whether a vacancy exists, the courts are without jurisdiction to interfere." And the court further stated: "In the case at bar the courts are without jurisdiction to entertain the proceedings, for the reason that each House of the General Assembly has the sole power to judge of the qualifications of its members, to the exclusion of every other tribunal." In the case of *Spitzer v. Martin,* 130 Md. 428, 100 A. 739, it was held: "In general, a legislative body is the sole judge of questions relating to the election and qualification of its members." Further, Article 33 of the Annotated Code of Maryland (1939), Sections 148 to 196, provides the procedure for contesting an election to the House of Delegates.

There can be no question in this case that the court was without jurisdiction to grant the relief prayed.

The Maryland cases relied upon by appellant, *Hatcheson v. Tilden,* 4 Har. & McH. 279; *Hummelshime v. Hirsch,* 114 Md. 39, 79 A. 38, and *Rasin v. Leaverton,* 181 Md. 91, 28 A. 2d 612, dealt with the election of a sheriff under the Constitution of 1776, city councilman of Cumberland, and a State's Attorney, respectively. The qualifications of the councilman were governed by the charter of the City of Cumberland. The qualifications of a sheriff, a State's Attorney or a Member of the House of Delegates are dealt with under different Articles of the Constitution of Maryland, and hence cases dealing with the election and qualifications of such officers are not determined by one specific rule of law, but must be

decided in accordance with the provisions of the Article of the Constitution under which a particular case may arise.

For these reasons the order of the lower court was by *per curiam* order affirmed, with costs.