Dear Senator Merrell:
This opinion is in response to your question asking:
 May the Presiding Commissioner of Scotland County simultaneously hold the position of an elected alderman of Memphis, Missouri?
It is our understanding Scotland County is a third class county and Memphis, the county seat, is a fourth class city.
We have found no statute or constitutional provision prohibiting the same person from holding these offices simultaneously. However, we have also examined the common law doctrine prohibiting a public officer from holding two incompatible offices. The principles of that doctrine have been set forth by Missouri courts as follows:
 At common law the only limit to the number of offices one person might hold was that they should be compatible and consistent. The incompatibility does not consist in a physical inability of one person to discharge the duties of the two offices, but there must be some inconsistency in the functions of the two, — some conflict in the duties required of the officers, as where one has some supervision of the others, is required to deal with, control, or assist him. It was said by Judge Folger (People v. Green, 58 N.Y. 295): "Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that `incompatibility' from which the law declares that the acceptance of the one is the vacation of the other. The force of the word in its application to this matter is that, from the nature and relations to each other of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of one towards the incumbent of the other. . . ." State ex rel. Walker v. Bus, 135 Mo. 325, 36 S.W. 636, 639
(1896).
 The respective functions and duties of the particular offices and their exercise with a view to the public interest furnish the basis of determination in each case. Cases have turned on the question whether such duties are inconsistent, antagonistic, repugnant or conflicting as where, for example, one office is subordinate or accountable to the other. State ex rel. McGaughey v. Grayston, 349 Mo. 700, 163 S.W.2d 335, 339-340
(banc 1942).
Applying these principles, this office has previously opined that the offices of the presiding commissioner of a third class county and the mayor of a fourth class city are incompatible. Opinion Letter No. 64, Foley, 1976, a copy of which is enclosed. In that opinion, this office stated that there were many statutes which would bring the two offices into conflicts of authority and cited as examples Section 70.210, et seq., RSMo, permitting cooperative agreements between counties and cities; Section71.300, RSMo, authorizing cooperation in the maintenance of jails between counties and cities; and Section 71.340, RSMo, authorizing cities to make certain appropriations for roads leading to and from such cities.
In regard to the offices presented in your question, we reach the same conclusion and for the same reasons. The board of aldermen participates in the governance of the city in such a manner and to such a degree that the potential for conflict with the county's governing body is as likely as in the case of the offices concerned in Opinion Letter No. 64, Foley, 1976. Besides the statutes cited in that opinion as presenting areas of conflict, see also Sections 71.012 and 79.020, RSMo 1986, concerning the annexation by a fourth class city of unincorporated land in the county and Section 88.703, RSMo 1986, concerning liability of county property within a fourth class city for its proportionate part of the city's public improvements.
In situations in which a public officer is holding two incompatible offices, the public may become concerned about the validity of his official acts. The courts have protected the public and third persons from the disruption which would be caused by his official acts being held invalid. As the court explained in In Re F. C., 484 S.W.2d 21, 24 (Mo.App. 1972):
 "The rule at common law is well settled that where one, while occupying a public office, accepts another, which is incompatible with it, the first will ipso facto terminate without judicial proceeding or any other act of the incumbent. The acceptance of the second office operates as a resignation of the first . . . This rule it is said, is founded upon the plainest principles of public policy, and has obtained from very earliest times . . . (T)he law presumes the officer did not intend to commit the unlawful act of holding both offices, and a surrender of the first is implied." State ex rel. Walker v. Bus, Mo. banc, 135 Mo. 325, 36 S.W. 636, 637[1]; State ex rel. Owens v. Draper, 45 Mo. 355. This rule still obtains and "has never been questioned". State ex rel. McGaughey v. Grayston, Mo. banc, 349 Mo. 700, 163 S.W.2d 335, 339[10] . . . . the surrender of the first office which is implied in the common law rule does not invalidate the acts of the occupant of the first office so far as third persons and the public are concerned, but that occupant becomes a de facto officer until ousted by proper process.[3]
[3] Habeas corpus is not the proper method to test the official conduct of a de facto public officer. "(T)itle to a public office or the right of a de facto officer to exercise the rights and duties of the office cannot be tested except by the state in a direct proceeding for that purpose and the authority to institute quo warranto proceedings rests within the discretion of the officers named in Sec. 531.010, RSMo VAMS." Boggess v. Pence, Mo. banc, 321 S.W.2d 667,671[1]; Civil Rule 98.01, V.A.M.R.; State v. King, Mo., 379 S.W.2d 522, 525 [4, 5]; State ex rel. McGaughey v. Grayston, Mo. banc, 349 Mo. 700,163 S.W.2d 335, 340 [14, 15].
Conclusion
It is the opinion of this office that the same person may not simultaneously hold both the office of presiding commissioner of a third class county and the office of alderman of a fourth class city within that county.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure:
Attorney General Opinion Letter No. 64, Foley, 1976