310 So.2d 468

**James E. BUSKEY**

v.

**Mabel AMOS et al.**

**SC 1020.**

Supreme Court of Alabama.

March 27, 1975.

Gray, Seay & Langford, Montgomery, for appellant.

M. R. Nachman, Jr., Montgomery, for appellees.

**2**

PER CURIAM.

Plaintiff-Appellant Buskey and Defendant-Appellee Mayer Perloff opposed each other in the race for the Democratic Party's nomination for State Senator, District 33. Perloff won and Buskey attempted to challenge that election. See Perloff v. Edington, 293 Ala. 277, 302 So.2d 92 (1974).

Buskey later brought this suit requesting injunctive relief to prevent Perloff's certification as a qualified candidate and to prevent his name from appearing on the general election ballot, on the ground that Perloff had not met the residence requirements. The circuit court dismissed the suit for lack of jurisdiction and this appeal was taken. A motion to dismiss the appeal was filed by Perloff. The appeal is dismissed. It is not necessary for this court to determine whether the circuit court had jurisdiction.

It is uncontradicted that Mayer Perloff was certified on November 13, 1974, by Mabel S. Amos, Secretary of State, to have been elected to the State Senate in the general election of November 5, 1974, and that Perloff took the oath of office as Senator from District 33 on November 11, 1974, and presently occupies that seat in the State Senate. Article 4, Section 46, Alabama Constitution of 1901, provides that "The terms of office of the senators and representatives shall commence on the day after the general election at which they are elected * * *."

Article 4, Section 51, Alabama Constitution of 1901, provides, in reference to the legislature of this state, "Each house shall choose its own officers and shall judge of the election, returns, and qualifications of its members."

This court considered the application of Article 4, Section 51, of our state constitution in In re Opinion of the Justices, 254 Ala. 160, 47 So.2d 586 (1950), wherein it was stated:

"The Constitutions of most, if not all, of the states contain provisions similar to those quoted above from Section 51 of the Constitution of this state. And it is well settled that such a provision vests the legislature with sole and exclusive power in this regard, and deprives the courts of jurisdiction of those matters." In view of this constitutional provision this court is compelled to hold that it lost jurisdiction of this appeal when the appellee became a member of the State Senate.

In all cases involving election disputes, time is of the essence. It has been a policy of the courts of this state to handle such cases speedily before issues become moot, if requested to do so. This fact is attested to by this court's handling of Perloff v. Edington, *supra*, and the recent case of Hobbie v. Vance, 292 Ala. 367, 294 So. 2d 743 (1974). In the present case the circuit court's judgment was rendered on October 15, 1974. Notice of appeal was given on October 17, 1974, nineteen days before the general election. This case was submitted on briefs (without a request for oral argument) to this court for decision on January 7, 1975.

Because this court lost jurisdiction to hear this case when Mayer Perloff became a member of the Senate, the appellee's motion to dismiss the appeal must be granted. Under our constitution, any challenge to the appellee's qualifications must now be addressed to the Senate itself.

Appeal dismissed.

HEFLIN, C. J., and MERRILL, MADDOX, JONES and SHORES, JJ., concur.