ON APPLICATION FOR REHEARING
The original opinion in this case is withdrawn and the following is substituted therefor:
When this election contest was originally submitted to us, we followed our usual procedures for determining whether we had jurisdiction over the matter, and, discovering no jurisdictional bar to our consideration of the case, proceeded to render a decision on the merits. In their application for rehearing, the defendants-appellees now raise for the first time the question of whether this Court had jurisdiction. They submit that we had no jurisdiction over the case, and they argue that our original opinion must therefore be withdrawn and the appeal dismissed. For the reasons set forth below, we agree with the defendants-appellees.
Although it is settled law that this Court will generally not consider matters on rehearing that were not raised during the appeal, Stover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251
(Ala. 1985), jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.Horn v. Dunn Brothers, Inc., 262 Ala. 404, 79 So.2d 11 (1955).
We are therefore compelled to consider the jurisdictional question now before us. We nevertheless urge the members of the bar to raise such issues at the earliest possible moment in the presentation of a case before this Court. Concomitant with our duty to consider jurisdictional matters is at least an equal duty on the part of the lawyers of this state to present such dispositive matters in the timeliest possible fashion. The time and energy of this Court are not infinite, and the waste of either must be scrupulously avoided if we are to sustain the quality of decision expected of us.
In Buskey v. Amos, 294 Ala. 1, 310 So.2d 468 (1975), this Court held that it had lost jurisdiction over an election contest based on a challenge to the residency qualifications of a candidate for the state senate. In Buskey, the challenged candidate had been certified as his party's nominee; his name had been placed on the general election ballot; he had been elected to the state senate by the people of his district; he had been certified by the Secretary of State as having been elected to the senate; and he had taken the oath for the office of state senator, all before the challenge was submitted to this Court. The Court held that it had no jurisdiction over the question of the challenged candidate's residency qualifications after he had taken office, because such questions were constitutionally committed to the state legislature:
 "It is uncontradicted that [the candidate] was certified on November 13, 1974, by [the] Secretary of State, to have been elected to the State Senate in the *Page 713 
general election of November 5, 1974, and that [the candidate] took the oath of office as Senator from District 33 on November 11, 1974, and presently occupies that seat in the State Senate. Article 4, Section 46, Alabama Constitution of 1901, provides that 'The terms of office of the senators and representatives shall commence on the day after the general election at which they are elected * * *.'
 "Article 4, Section 51, Alabama Constitution of 1901, provides, in reference to the legislature of this state, 'Each house shall choose its own officers and shall judge of the election, returns, and qualifications of its members.'
 "This court considered the application of Article 4, Section 51, of our state constitution in In re Opinion of the Justices, 254 Ala. 160, 47 So.2d 586 (1950), wherein it was stated:
 " 'The Constitutions of most, if not all, of the states contain provisions similar to those quoted above from Section 51 of the Constitution of this state. And it is well settled that such a provision vests the legislature with sole and exclusive power in this regard, and deprives the courts of jurisdiction of those matters.'
 In view of this constitutional provision this court is compelled to hold that it lost jurisdiction of this appeal when the appellee became a member of the State Senate."
Buskey v. Amos, 294 Ala. 1, 2, 310 So.2d 468, 468-69 (1975).
Although in this case the challenging candidate challenged her party's jurisdiction to certify her opponent rather than her, as its nominee, we believe that Buskey controls our disposition here. Her opponent was elected and sworn into office well before this case was submitted to us, and we therefore think that his qualifications to hold that office are matters outside of our jurisdiction under section 51 of our state constitution. We therefore hold that we have no jurisdiction over this matter and that the appeal is due to be dismissed.
We would also note, as we did in Buskey, that "[i]t has been a policy of the courts of this state to handle such cases speedily before issues become moot, if requested to do so" (emphasis added), tempering somewhat the absolute quality of the constitutional commitment of these issues. In this case, however, as in Buskey, the issue was submitted for this Court's decision well after the question became moot, and, so far as we can tell, no one effectively asked us for an expedited decision, a procedural remedy we grant with regularity in such cases.[1] See, e.g., Ex parte Baxley, 496 So.2d 688, 695 (Ala. 1986) (Torbert, C.J., concurring specially).
The remedy available to the challenger in this case thus lies not with this Court, but with the Legislature, and perhaps ultimately with the people of her district.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, SHORES, BEATTY and HOUSTON, JJ., concur.
JONES, ALMON, ADAMS and STEAGALL. JJ., not sitting.
[1] We have located in the record a motion to expedite the appeal. This motion, however, was filed with the trial court and was directed to the attention of that court, and not to the attention of this Court. Although it appears that this motion was eventually transmitted by the clerk of the trial court to the Clerk of this Court, such a motion fails to invoke this Court's authority to consider an order expediting the appeal, and the motion was therefore never considered by this Court. *Page 714