McMILLAN, Judge.
The appellant, R.W.L., was charged with sodomy in the first degree involving one of his stepdaughters. - The case was consolidated for trial with a charge of rape in the first degree, which involved a second stepdaughter.[1] Before proceeding with his defense, the appellant moved for judgments of acquittal on both charges. The trial court denied the motion with regard to the rape charge; however, with regard to the sodomy charge, the State agreed that the State had not proven sodomy first degree, because no evidence was presented that the victim was under 12 years of age when the offense occurred. The State asked the court to charge the jury on sodomy in the second degree as a lesser included offense, and the court, over the appellant’s objection, .did so. The court then granted the appellant’s motion to dismiss the first-degree sodomy charge.
At the close of all the evidence, the appellant restated his objection to a jury charge on sodomy in the second degree as a lesser included offense and moved for a judgment of acquittal as to that offense. The State then asked the trial court to charge the jury on both first-degree and second-degree sodomy. The court, over the appellant’s objection, proceeded to charge the jury as to sodomy in the first degree, sodomy in the second degree, and sexual abuse in the second degree. The jury, after requesting clarification and initially stating that it had reached a unanimous verdict on two of these charges, finally returned a verdict finding the appellant guilty of sodomy in the second degree. The trial court sentenced the appellant to life imprisonment and ordered him to pay a fine of $10,000 and a victims compensation assessment of $2,000.
The appellant presents several arguments on appeal; however, we need not consider all of them because the appellant’s claim that he was found guilty'of an offense as to which he was not indicted mandates reversal. The appellant was indicted on a single count of sodomy in the first degree; he was found guilty of sodomy in the second degree.
It is not clear from the record whether the trial court permitted an amendment in this case or whether the court determined that sodomy in the second degree was a lesser included offense of the original charge. In either case, however, the court’s charge to the jury was improper. Rule 13.5(a), Ala.R.Crim.P., provides that a charge may be amended by order of the court without the consent of the defendant “if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.” Here, however, an additional or different offense clearly was charged.
As a matter of law, rape in the second degree and sodomy in the second degree, respectively, can only be lesser included offenses of their first-degree counterparts in *1316 very limited circumstances. Ellis v. State, 686 So.2d 1265, 1266 (Ala.Cr.App.1996), citing Ex parte Washington, 571 So.2d 1062 (Ala.1990).[2] As was explained in Allen v. State, 472 So.2d 1122, 1125-26 (Ala.Cr.App.1985), with regard to rape:
“The age factor necessarily distinguishes these two offenses [rape in the first degree and rape in the second degree] and makes them separate and distinct crimes. The offenses of first and second degree rape each require proof of a certain age of the victim that the other does not require. Because of this difference, you cannot commit second degree rape while committing first degree rape.”
The State argues that sodomy in the second degree is a lesser included offense of sodomy in the first degree charge because, it argues, the age of the victim is not an element of proof but rather a way to measure the risk of injury to the victim. However, as this Court noted in Ross v. State, 529 So.2d 1074, 1075-6 n. 8 (Ala.Cr.App.1988), there are “wide-range ramifications”- of any judicial construction of § 13A-1-9(a)(3), Code of Alabama 1975, that would include second-degree rape as a lesser offense of the first-degree offense.[3] As we stated in Ross, this Court is “wary of any construction that could unduly diminish the defendant’s due process right to notice of the accusation against him.” Id.
Because the appellant was found guilty of an offense for which he was not indicted, the judgment against him must be reversed and a judgment entered in his favor.
REVERSED AND JUDGMENT RENDERED.
All judges concur.

. The indictment on this charge apparently contained two counts, rape in the first degree and rape in the second degree. At the close of the State’s case, the prosecutor elected to proceed on first-degree rape.

. Rape in the first degree requires proof that the victim is less than 12 years old, while rape in the second degree requires proof that the victim is less than 16 years old, but more than 12. The provisions with regard to sodomy are similar. Sodomy in the first degree requires proof that the victim is less than 12 years old — incapable of consent because he or she is physically helpless or mentally incapacitated — or subjected to the act by forcible compulsion. Sodomy in the second degree requires proof that the victim is less than 16 years old, but more than 12, or incapable of consent because he . or she is mentally defective.

. A broad construction would affect, for example, statutes that define degrees of rape, forgery, criminal possession of a forged instrument, sodomy, sexual abuse, and trespass.