FRY, Judge.
The appellant, R.J.K., was charged with rape in the first degree, a violation of § 13A-6-61(a)(3), Ala.Code 1975. During the guilty plea proceeding, the state moved to amend the indictment to charge rape in the second degree, a violation of § 13A-6-62(a)(1), Ala.Code 1975. R.J.K. agreed to the amendment, and he pleaded guilty to rape in the second degree. The trial court sentenced R.J.K., who admitted to having two prior felony convictions, to 20 years’ imprisonment.
Though it was not raised in R.J.K.’s brief to this court, our review of the record has revealed a jurisdictional defect. “This court can review a jurisdictional issue at any time, even if the issue is not raised by the appellant. See Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).” Lanier v. State, 733 So.2d 931 (Ala.Crim.App. 1998). “An indictment can not be amended to charge an offense that was not encompassed in the original indictment. See Ross v. State, 529 So.2d 1074 (Ala.Crim. App.1988).” Hall v. State, 655 So.2d 51, 52 (Ala.Crim.App.1995). Here, the indictment charged R.J.K. with rape in the first degree. Section 13A-6-61 provided, at the *852 time of the offense in this case [1]
“(a) A male commits the crime of rape in the first degree if:
“(3) He, being 16 years or older, engages in sexual intercourse with a female who is less than 12 years old.”
The indictment was amended to charge rape in the second degree, which is defined in § 13A-6-62, Ala.Code 1975:
“(a) A male commits the crime of rape in the second degree if:
(1) Being 16 years old or older, he engages in sexual intercourse with a female less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the female.”
This court stated in Ross v. State, 529 So.2d 1074, 1075 (Ala.Crim.App.1988):
“The instant indictment [charging Ross with first-degree rape] does not encompass, as a lesser included offense, the charge of rape in the second degree.
“ ‘In the context of the offense[ ] for which the appellant was indicted, rape in the first degree requires proof that the victim is less than 12 years old while rape in the second degree requires proof that the victim is less than 16, but more than 12 years old. Therefore, rape in the second degree is not a lesser included offense of rape in the first degree, since the proof necessary to establish the offense of rape in the first degree (the greater offense) does not of necessity establish every element of the offense of rape in the second degree (the lesser offense). See Commentary to § 13A-1-9 Code of Alabama 1975. It must be impossible to commit the greater offense without first committing the lesser offense if the lesser offense is to be an included offense of the greater. Sharpe v. State, 340 So.2d 885 (Ala.Crim.App.), cert. denied, 340 So.2d 889 (Ala.1976).
“ ‘The age factor necessarily distinguishes these two offenses and makes them separate and distinct crimes. The offenses of first and second degree rape each require proof of a certain age of the victim that the other does not require. Because of this difference, you cannot commit second degree rape while committing first degree rape.’
“Allen v. State, 472 So.2d 1122, 1125-26 (Ala.Crim.App.1985) (emphasis added [in Ross]).”
(Footnotes omitted). Here, the indictment was amended to charge second-degree rape. The trial court was without jurisdiction to accept a plea on this offense because the indictment could not be amended to charge an offense not encompassed in the charge in the original indictment. Hall, 655 So.2d at 52. The trial court erred in accepting R.J.K’s plea of guilty to rape in the second degree.
Accordingly, the trial court’s judgment is void and R.J.K.’s sentence is hereby set aside. The indictment charging R.J.K. with rape in the first degree, in violation of § 13A-6-61(a)(3), Ala.Code 1975, remains valid. This case is remanded for proceedings consistent with this opinion.
JUDGMENT VACATED; APPEAL DISMISSED.
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

. Sections 13A-6-61 and -62 were amended effective August 1, 2000, to provide that a female can commit the crimes of rape in the first degree and rape in the second degree. Act No. 2000-726, Ala. Acts 2000.