Tamekia Wyshae Kelley, the mother, appeals from a default judgment entered against her for failing to answer or otherwise defend against a petition for custody filed by Adalius D. Thomas, the father. The mother's appeal is due to be dismissed as from a nonfinal order.
The mother and the father were apparently never married. They had one child, a son who was born in December 1998. On June 19, 2002, the father filed a petition in the Coosa Circuit Court alleging that he was the father of the child, that the mother was the mother of the child, and that the child had been a resident of Coosa County, where he had lived with the father for most of his life.[1] However, in an affidavit filed with the father's petition, the father stated that the child was presently residing with the mother in Montgomery and that the child had resided with the mother since February 2002.[2] In his petition, the father alleged that he was a fit and proper person to have custody of the child and requested that the trial court award him sole legal and physical custody. The father also alleged in his petition that it would be in the child's best interest for the mother to be awarded visitation rights, and he specifically requested that the mother be granted the right to "reasonable visitation" with the child.
In addition to his custody petition, the father also filed a motion requesting that the trial court award him custody of the child pendente lite and a motion requesting that the trial court enjoin the mother from interfering with his custody of the child between June 18, 2002, and July 18, 2002. The father alleged that he was planning to be married on July 6, 2002, that he had planned for the child to participate in the wedding, and that the mother was unhappy that the father had chosen to marry someone other than her. The father was apparently concerned that the mother would not let him have custody of the child for the wedding.
On June 26, 2002, the mother was served with the father's custody petition. On June 27, 2002, the mother's counsel, the father, and the father's counsel appeared at a hearing on the father's motion for pendente lite custody. Based on an agreement that the parties had reached, the trial court entered an order awarding the father temporary custody of the child from June 27, 2002, through July 15, 2002, awarding the mother temporary custody of the child from July 15, 2002, through August 15, 2002, and directing that each party refrain from interfering with the other party's custody.[3] *Page 1170 
On July 31, 2002, the father filed a motion for a default judgment alleging that more than 30 days had elapsed since the mother had been served with his custody petition and requesting that the trial court enter a default judgment against the mother because, he said, she had failed to answer or otherwise defend against his petition.
Although no hearing was held on the father's motion, on August 1, 2002, the trial court entered an "Order of Default Judgment" stating that the mother had been duly served with the father's petition for custody and that she had failed to "plead, answer or otherwise defend this matter." The trial court further stated, in part:
 "1. That [the father] shall have custody of the minor child . . . beginning July 16, 2002.
 "2. All other issues are hereby reserved until further order of this court."
On August 5, 2002, the mother, through her counsel, filed an answer to the father's custody petition. The answer indicates that it was signed by the mother's attorney on July 30, 2002, and the certificate of service states that it was forwarded to the father's counsel via first-class mail on July 30, 2002. In addition, the mother's counsel faxed a copy of the answer to the trial court on August 1, 2002. The answer was not filed until August 5, 2002.
On August 26, 2002, the mother filed a motion to set aside the default judgment and an affidavit in support of her motion. In her affidavit, the mother stated, among other things, that she had retained counsel to represent her as to the father's custody petition and that she had been unable to contact her counsel from June 27, 2002, until August 23, 2002. She stated that "during this period, I contacted the Alabama State Bar and [the trial judge] concerning this case." The mother stated that she had not received notice of any hearing as to the custody of her child and that "it [had] come to [her] attention that there [was] a default judgment giving custody of [the child] to [the father]." In her motion, the mother also stated that she was unaware that her counsel had failed to "plead, answer or otherwise defend this matter" and that she had, "in good faith, believed that her attorney would `take care of it' as he promised when he and [the mother] last spoke on June 27, 2002."
The trial court denied the mother's motion to set aside the default judgment. The mother appeals, arguing, among other things, that the trial court abused its discretion by entering a default judgment against her without holding a hearing as to the father's motion for a default judgment. See Rule 55(b)(2), Ala.R.Civ.P. ("[i]f the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application"); 10A C. Wright et al., Federal Practice Procedure § 2687, at 53 (3d ed. 1998) ("failure to give the three-day required notice generally is considered a serious procedural error that justifies the reversal or the setting aside of a default judgment"). While we are sympathetic to the mother's argument, we cannot reach the merits of her appeal because the trial courts "Order of Default Judgment" was a nonfinal order. *Page 1171 
Although neither party has questioned this court's jurisdiction, we must consider whether we have jurisdiction over this appeal, because "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Wallace v. Tee Jays Mfg.Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987)). "It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved." Taylor v. Taylor, 398 So.2d 267, 269
(Ala. 1981). A ruling that determines fewer than all the claims is ordinarily not final as to any of the parties or as to any of the claims. Rule 54(b), Ala.R.Civ.P.; see also McGlothlin v. First AlabamaBank, 599 So.2d 1137 (Ala. 1992). A "final judgment is a `terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.'" Dees v. State,563 So.2d 1059, 1061 (Ala.Civ.App. 1990) (quoting Tidwell v. Tidwell,496 So.2d 91, 92 (Ala.Civ.App. 1986)). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case; if the appellee has not moved for a dismissal, then the court should dismiss the appeal on its own motion. See Jim Walter Homes, Inc.v. Holman, 373 So.2d 869, 871 (Ala.Civ.App. 1979).
This court concluded in Owens v. Owens, 739 So.2d 511, 513
(Ala.Civ.App. 1999) that "[t]he question whether an order is a final order may be phrased as whether there is `something more for the court to do.'" (Quoting Wesley v. Brandon, 419 So.2d 257, 258 (Ala.Civ.App. 1982).) See also T.B. v. A.J., 812 So.2d 1287, 1289 (Ala.Civ.App. 2001) (appeal dismissed as from a nonfinal judgment where the court's order "awarded the grandmother visitation rights . . . but reserved for further consideration the issues of the place and the length of that visitation"). The trial court specifically reserved judgment as to all issues other than the awarding of custody to the father beginning July 16, 2002. The trial court did not rule on the father's request that the mother be awarded visitation with the child, which the father had alleged would be in the child's best interest. The "Order of Default Judgment" is not a final judgment. Accordingly, we must dismiss the mother's appeal.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
[1] The father works with the Baltimore Ravens professional football organization. It appears that he and the child resided with the child's paternal grandparents in Coosa County. It is unclear whether the child remained with his paternal grandparents during the football season.
[2] In another affidavit, the father also stated that in the past the mother had prevented him from visiting with the child.
[3] The trial court's order also indicated that the mother intended to file a motion to transfer venue of the proceedings. The trial court purported to set the mother's "motion" for transfer of venue for hearing on July 22, 2002. However, no such motion for transfer of venue was filed and no hearing was held on July 22, 2002.