CRAWLEY, Presiding Judge.
Keenetha Joan Sleasman (“the mother”) appeals from a judgment in favor of Millard Daniel Sleasman (“the father”) granting his petition to modify custody of the parties’ children. The mother’s appeal is due to be dismissed as being from a nonfi-nal judgment.
The mother and the father were divorced on March 13, 1997. A settlement agreement that the parties signed was incorporated into the parties’ divorce judgment. The settlement agreement provided that the mother would have “legal and physical custody of the minor children,” a six-year-old son and a five-year-old daughter, and that the father was to have visitation.
On December 19, 2002, the father filed a petition seeking to modify custody. The mother was not served with that petition, and it was withdrawn on April 13, 2003. On July 24, 2003, the father filed a second petition seeking to modify custody. A hearing was set for September 23, 2003.[1] On September 22, 2003, the father filed a motion to continue. In his motion, the father alleged that the mother was avoiding service. The court continued the hearing until December 23, 2003.
On December 23, 2003, neither the mother nor counsel representing the mother attended the hearing.[2] The trial court heard ore tenus testimony from the father and the parties’ daughter. On December 23, 2003, the trial court issued a judgment that, among other things, “awarded sole legal and physical custody of the parties’ two minor children” to the father. Additionally, the trial court reserved the issue of visitation between the mother and the children, stating:
“Based upon the evidence presented, the Court finds that the issue of visitation between the [mother] and the minor children should also be reserved until such time as the [mother] has appeared before the Court and shown that such visitation would be in the best interests of the minor children and provided assurances and/or bond that she will not remove the children from the State of Alabama and fail to return them pursuant to Orders of the Court.”
Although neither party has raised the matter of jurisdiction, jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu. Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).
“An appeal ordinarily lies only from a final judgment. Ala.Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990). An order is generally not final unless it disposes of all claims or the rights or liabilities of all parties. Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987).... The only exception to this rule of finality is when the trial court directs the entry of final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Bean, 557 So.2d at 1253.”
Tomlinson v. Tomlinson, 816 So.2d 57, 58 (Ala.Civ.App.2001). “‘When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.’ ” Tatum v. Freeman, 858 So.2d 979, 980 (Ala.Civ.App.2003)(quoting Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)).
*1077 In Kelley v. Thomas, 878 So.2d 1168 (Ala.Civ.App.2003), a father petitioned for a modification of custody, requesting that the trial court award him sole legal and physical custody of his child. “The father ... alleged in his petition that it would be in the child’s best interest for the mother to be awarded visitation rights, an he specifically requested that the mother be granted the right to ‘reasonable visitation’ with the child.” Id. at 1169. The mother was served with the father’s custody petition, but she failed to answer within 30 days. The father subsequently filed a motion for a default judgment.
“Although no hearing was held on the father’s motion [for a default judgment], on August 1, 2002, the trial court entered an ‘Order of Default Judgment’ stating that the mother had been duly served with the father’s petition for custody and that she had failed to ‘plead, answer or otherwise defend this matter.’ The trial court further stated, in part:
“ ‘1. That [the father] shall have custody of the minor child ... beginning July 16, 2002.
“ ‘2. All other issues are hereby reserved until further order of this court.’ ”
Id. at 1170. In Kelley, Judge Murdock, writing for a unanimous court, held, in part:
“The trial court did not rule on the father’s request that the mother be awarded visitation with the child, which the father had alleged would be in the child’s best interest. The ‘Order of Default Judgment’ is not a final judgment. Accordingly, we must dismiss the mother’s appeal.”
Id. at 1171.
Here, in his petition for custody, the father requested that he be granted custody of both of the parties’ minor children, “subject to reasonable rights of visitation with the [mother]. The trial court, in its order, said “that the issue of visitation between the [mother] and the minor children should also be reserved until such time as the [mother] has appeared before the Court.” That order is not a final judgment. Therefore, it is this court’s duty to dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.

. The mother states in her brief to this court that "notice [regarding the hearing]” was sent to counsel for the father and to the mother pro se on July 25, 2003.

. The record indicates that the mother received service of process on November 13, 2003.