BASCHAB, Judge.
The appellant, Ralph Tucker, was indicted for first-degree sodomy, production of obscene matter, and first-degree rape. On April 5, 1994, pursuant to a negotiated agreement, he pled guilty to second-degree sodomy in case number CC-92-5058; attempted production of obscene matter in case number CC-92-5059; and second-degree rape in case number CC-92-5063. The trial court sentenced him, as a habitual offender, to serve concurrent terms of twenty-five years in prison on each conviction. See § 13A-5-9(b)(2), Ala.Code 1975. The appellant filed a notice of appeal, but we dismissed his appeal and issued a certificate of judgment on January 17, 1995. See Tucker v. State, (CR-93-1459) 668 So.2d 935 (Ala.Crim.App.1994) (table). On or about February 14, 1997, the appellant filed a Rule 32 petition, which the circuit court summarily denied. He filed a notice of appeal, but we dismissed his appeal. See Tucker v. State, (CR-99-2453) 814 So.2d 1027 (Ala.Crim.App.2000) (table). On December 7, 2004, the appellant filed the present Rule 32 petition, challenging his convictions. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
I.
The appellant argues that he is entitled to post-conviction relief because:
1) his sentence was illegal because he allegedly was not sentenced in accordance with his plea agreement;
2) he was constructively denied counsel before and during his guilty plea proceedings because his attorney did not consult with him and did not investigate his case; and
3) he did not knowingly and voluntarily waive the right to counsel on direct appeal.
However, these claims are nonjurisdictional claims that are time-barred. See Rule 32.2(c), Ala. R.Crim. P.
II.
The appellant also argues that the trial court did not have jurisdiction to render judgments and impose sentences in his cases because he allegedly pled guilty to offenses for which he had not been indicted.
*1172 A.
Initially, the appellant contends that the trial court did not have jurisdiction to accept his guilty plea to attempted production of obscene matter in case number CC-92-5059. Specifically, he asserts that attempted production of obscene matter is not a lesser included offense of production of obscene matter. However, § 13A-l-9(a), Ala.Code 1975, provides, in pertinent part:
“A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
[[Image here]]
“(2) It consists of an attempt or solicitation to commit the offense charged .... ”
Because attempted production of obscene matter is a lesser included offense of production of obscene matter, the indictment against the appellant was not void, and his argument is without merit.
To the extent the appellant attempts to challenge the factual basis to support his guilty plea to attempted production of obscene matter, that argument is precluded because he could have raised it at trial and on appeal, but did not, and because it is time-barred. See Rules 32.2(a)(3), (a)(5), and (c), Ala. R.Crim. P.
B.
The appellant also contends that the trial court did not have jurisdiction to accept his guilty pleas to second-degree sodomy and second-degree rape in case numbers CC-92-5058 and CC-92-5063. Specifically, he asserts that, under the facts of his ease, second-degree sodomy and second-degree rape were not lesser included offenses of first-degree sodomy and first-degree rape. The indictment in case number CC-92-5058 alleged that the appellant
“did engage in deviate sexual intercourse with [C.C.] who was less than twelve years of age, he ... being 16 years old or older, in violation of § 13A-6-63 of the Alabama Criminal Code, against the peace and dignity of the State of Alabama.”
(A.C.R. 11.)[1] The indictment in case number CC-92-5063 alleged that the appellant
“did engage in sexual intercourse with [K.M.M.], a female, who was less than twelve years of age, he ... being sixteen years or older, in violation of Section 13A-6-61 of the Alabama Criminal Code, against the peace and dignity of the State of Alabama.”
(A.C.R. 73.)
We addressed a similar situation in R.J.K. v. State, 782 So.2d 851, 851-52 (Ala.Crim.App.2000), as follows:
“The appellant, R.J.K., was charged with rape in the first degree, a violation of § 13A-6-61(a)(3), Ala.Code 1975. During the guilty plea proceeding, the state moved to amend the indictment to charge rape in the second degree, a violation of § 13A-6-62(a)(l), Ala.Code 1975. R.J.K. agreed to the amendment, and he pleaded guilty to rape in the second degree. The trial court sentenced R.J.K., who admitted to having two prior felony convictions, to 20 years’ imprisonment.
“Though it was not raised in R.J.K’s brief to this court, our review of the record has revealed a jurisdictional defect. ‘This court can review a jurisdictional issue at any time, even if the issue is not raised by the appellant. See Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).’ Lanier v. State, 733 So.2d 931 *1173 (Ala.Crim.App.1998). ‘An indictment cannot be amended to charge an offense that was not encompassed in the original indictment. See Ross v. State, 529 So.2d 1074 (Ala.Crim.App.1988).’ Hall v. State, 655 So.2d 51, 52 (Ala.Crim.App.1995). Here, the indictment charged R.J.K. with rape in the first degree. Section 13A-6-61 provided, at the time of the offense in this case:
“ ‘(a) A male commits the crime of rape in the first degree if:
[[Image here]]
“ ‘(3) He, being 16 years or older, engages in sexual intercourse with a female who is less than 12 years old.’
“The indictment was amended to charge rape in the second degree, which is defined in § 13A-6-62, Ala.Code 1975:
“ ‘(a) A male commits the crime of rape in the second degree if:
“ ‘(1) Being 16 years old or older, he engages in sexual intercourse with a female less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the female.’
“This court stated in Ross v. State, 529 So.2d 1074, 1075 (Ala.Crim.App.1988):
“ ‘The instant indictment [charging Ross with first-degree rape] does not encompass, as a lesser included offense, the charge of rape in the second degree.
“ ‘ “In the context of the offensef ] for which the appellant was indicted, rape in the first degree requires proof that the victim is less than 12 years old while rape in the second degree requires proof that the victim is less than 16, but more than 12 years old. Therefore, rape in the second degree is not a lesser included offense of rape in the first degree, since the proof necessary to establish the offense of rape in the first degree (the greater offense) does not of necessity establish every element of the offense of rape in the second degree (the lesser offense). See Commentary to § 13A-1-9 Code of Alabama 1975. It must be impossible to commit the greater offense without first committing the lesser offense if the lesser offense is to be an included offense of the greater. Sharpe v. State, 340 So.2d 885 (Ala.Crim.App.), cert. denied, 340 So.2d 889 (Ala.1976).
“ ‘ “The age factor necessarily distinguishes these two offenses and makes them separate and distinct crimes. The offenses of first and second degree rape each require proof of a certain age of the victim that the other does not require. Because of this difference, you cannot commit second degree rape while committing first degree rape.”
“ ‘Allen v. State, 472 So.2d 1122, 1125-26 (Ala.Crim.App.1985)(emphasis added [in Ross ]).’
“(Footnotes omitted). Here, the indictment was amended to charge second-degree rape. The trial court was without jurisdiction to accept a plea on this offense because the indictment could not be amended to charge an offense not encompassed in the charge in the original indictment. Hall, 655 So.2d at 52. The trial court erred in accepting R.J.K’s plea of guilty to rape in the second degree.
“Accordingly, the trial court’s judgment is void and R.J.K.’s sentence is hereby set aside. The indictment charging R.J.K. with rape in the first degree, in violation of § 13A-6-61(a)(3), Ala. Code 1975, remains valid.”
*1174 (Footnote omitted.) Also, this court has held that second-degree sodomy is not a lesser included offense of first-degree sodomy pursuant to § 13A-6~63(a)(3), Ala. Code 1975. See R.W.L. v. State, 706 So.2d 1314 (Ala.Crim.App.1997).
Because the appellant was indicted for first-degree sodomy pursuant to § 13A-6-63(a)(3), Ala.Code 1975, and first-degree rape pursuant to § 13A-6-61(a)(3), Ala. Code 1975, second-degree sodomy and second-degree rape were not lesser included offenses in these cases. Therefore, the trial court did not have jurisdiction to accept guilty pleas to second-degree sodomy and second-degree rape, and the appellant’s convictions for second-degree sodomy and second-degree rape are void. However, the indictments for first-degree sodomy and first-degree rape remain valid. See R.J.K., supra.
For the above-stated reasons, we affirm the circuit court’s judgment with regard to the appellant’s conviction for attempted production of obscene matter in case number CC-92-5059. With regard to the appellant’s second-degree sodomy conviction in case number CC-92-5058 and second-degree rape conviction in case number CC-92-5063, we reverse the circuit court’s judgment and remand this case to that court for proceedings that are consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
McMILLAN, PH., and COBB, SHAW, and WISE, JJ., concur.

. We have taken judicial notice of the record from the appellant’s direct appeal. See Nettles v. State, 731 So.2d 626 (Ala.Crim.App.1998).