46 So.3d 967 (2009)
M.H.
v.
H.N.M.
2080686.
Court of Civil Appeals of Alabama.
December 4, 2009.
Rehearing Denied February 12, 2010.
Certiorari Denied April 9, 2010 Alabama Supreme Court 1090707.
*968 Charles A. Langley of Holder, Moore, Lawrence & Langley, P.C., Fayette, for appellant.
Charles R. Stephens, Jr., of Stephens, Stephens & Williams, L.L.C., Jasper, for appellee.
BRYAN, Judge.
M.H. ("the father") appeals from a judgment of the Walker Juvenile Court ("the juvenile court") granting custody of his daughter, M.J.H. ("the child"), born in December 2004, to H.N.M. ("the maternal aunt").
On December 5, 2007, the maternal aunt filed a verified petition for custody and sought ex parte "temporary" custody of the child "during the pendency of this action." In her verified petition, the maternal aunt alleged that E.D., the child's mother ("the mother"), was vested with custody of the child, that the mother's whereabouts were unknown, and that the child's two half siblings were also in her custody. The maternal aunt also alleged that the father had "had virtually no relationship with th[e] child," that the child was not aware that the father was her father, and that the father had at one time contemplated terminating his parental rights to the child. The maternal aunt averred that it was contrary to the best interest of the maternal aunt and the child to notify the father regarding the issuance of a temporary order. The maternal aunt further sought a temporary restraining order to be issued against the father. The juvenile court granted the maternal aunt's petition for temporary custody on the same day, citing the potential for immediate and irreparable harm to the maternal aunt and to the child.
The father filed an answer to the maternal aunt's verified petition for custody on December 12, 2007. The father denied the material allegations made by the maternal aunt and stated that he was the fit and proper person to have custody of the child. The father requested that the juvenile court set the matter for an immediate hearing, set aside the ex parte temporary order granting custody of the child to the maternal aunt, and award custody of the child to the father.
On April 30, 2008, the father filed a motion to dissolve the order granting temporary custody of the child to the maternal aunt or, in the alternative, to schedule *969 visitation between him and the child. In his motion, the father stated that the mother had died on or about December 11, 2007, that the maternal aunt had not allowed the father or his family to visit the child since the entry of the temporary order, and that the maternal aunt's actions were having a negative impact on the child's relationship with the father.
On June 13, 2008, the juvenile court held an ore tenus hearing on the father's motion to dissolve the order awarding temporary custody of the child to the maternal aunt or, in the alternative, to schedule visitation. The juvenile court issued a lengthy final order on April 15, 2009, that found that the father was unfit to have custody of the child, that the father had "voluntarily forfeited his place as the fit and proper person to have custody of the... child," and that custody of the child was to remain with the maternal aunt. The juvenile court did not address the father's alternative request for visitation with the child. The father timely filed a notice of appeal.
On appeal, the father argues that the juvenile court erred by considering his physical appearance in awarding custody of the child to the maternal aunt. He also argues that the juvenile court exceeded its discretion in awarding custody of the child to the maternal aunt because, he alleges, the juvenile court's findings were not supported by the evidence and the maternal aunt failed to show that the father was unfit to have custody of the child. Finally, the father argues that the juvenile court exceeded its discretion by failing to award him any visitation with the child.
"Although neither party has questioned this court's jurisdiction, we must consider whether we have jurisdiction over this appeal, because `"jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu."'" Kelley v. Thomas, 878 So.2d 1168, 1171 (Ala.Civ. App.2003) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). "The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case." Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006). "[A] final judgment is a `terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.'" Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990) (quoting Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App. 1986)).
In the present case, there was not a complete adjudication of all the matters in controversy between the parties because the juvenile court failed to address the father's request for visitation. Therefore, we conclude that the order entered on April 15, 2009, was not a final judgment and that the father's appeal must be dismissed as an appeal from a nonfinal judgment. Hubbard v. Hubbard, supra. Cf. Thompson v. Halliwell, 668 So.2d 43, 45 (Ala.Civ.App.1995) (dismissing the father's appeal as being from a nonfinal judgment because the juvenile court had not finally adjudicated the issues of visitation and child support); see also Kelley v. Thomas, 878 So.2d 1168 (Ala.Civ.App.2003) (appeal dismissed as being from a nonfinal judgment when the trial court's judgment failed to address the father's request that the mother be awarded visitation).
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.