MOORE, Judge.
On October 28, 2009, the State of Alabama, on behalf of C.L.S. (“the mother”), filed a contempt petition against R.S. (“the father) in the Madison Juvenile Court (“the juvenile court”). The petition alleged that the father was in arrears on his child-support obligation under a December 21, 1996, judgment, that the principal amount of the child-support arrearage was $20,850.73, and that the accumulated interest was $22,120.26. The petition requested, among other things, that the juvenile court schedule a hearing on the petition, that the father be required to appear at said hearing and show cause why he should not be held in contempt of court, and that the juvenile court “reduce the arrearage! ] amount to a judgment with interest and order payments thereon” and award such other relief to which the mother might be entitled. The juvenile-court referee entered an order setting the contempt petition for a hearing on January 20, 2010. The petition and the order setting the hearing were served on the father by certified mail on November 2, 2009. The January 20, 2010, hearing was continued by the juvenile-court referee to March 3, 2010. The March 3, 2010, hearing was *1255 subsequently continued by the juvenile-court referee to March 24, 2010.
On March 1, 2010, the father filed a “motion for determination of paternity, or in the alternative, motion to establish visitation,” in which he asserted that “[n]o prior custody determination had been performed in this matter.” The father requested that the juvenile court make a paternity determination or, alternatively, if the court declined his request for a paternity determination, that the juvenile court order regular visitation between him and the child. On March 16, 2010, the juvenile-court judge set the father’s motion for a hearing on April 2, 2010. On March 18, 2010, a “genetic test report” was filed with the juvenile court.
On March 22, 2010, the State filed a motion requesting that the March 24, 2010, hearing scheduled before the referee be continued until the juvenile-court judge ruled on the father’s “motion for determination of paternity, or in the alternative, motion to establish visitation.” The referee granted the motion to continue and reset the hearing for April 28, 2010.
On March 23, 2010, the State filed a response to the father’s “motion for determination of paternity, or in the alternative, motion to establish visitation.” The State attached to its response payment records from the State of Alabama’s Child Support Enforcement Division and a spreadsheet setting out its interest calculations.
On July 15, 2010, the juvenile-court judge entered an order denying the father’s “motion for determination of paternity” and setting the “motion to establish visitation” and all other pending matters for trial on August 9, 2010. Thereafter, on December 2, 2010, the juvenile-court referee filed her “report, findings and recommendations ... regarding arrearage/con-tempt for non-payment of child support,” which states, in pertinent part:
“This cause came to be heard on August 9, 2010, upon the [mother’s] Petition for Contempt and rule nisi issued incident thereto....
[[Image here]]
“The cause was submitted upon the pleadings and upon the agreement of the parties. Based upon the agreement presented, the Referee makes the following findings and recommendations:
“1. The [father] was ordered by the Juvenile Court of Madison County, Alabama, on December 21, 1996, to pay child support in specified periodic payments.
“2. The [father] has failed on 75 separate occasions to comply with the previous order of support and is delinquent in arrears and interest totaling $46,707.16 as of June 30, 2010.
“3. The [father’s] failure to make the said child support payments is due to [the father’s] willful neglect and is not due to an inability to pay.
“It is, therefore, the recommendation of the Referee as follows:
“1. Judgment should be rendered in favor of the [mother] and against the [father] in the amount of $46,707.16 for the child support ar-rearage and interest determined due as of June 30, 2010. This judgment subsumes all prior judgments for child support in this cause.
“2. The [father] should be found to be in contempt of court 75 separate times because of the [father’s] willful failure to pay support as previously ordered. Accordingly, [the father] should be sentenced to 5 days for each separate act of contempt to run consecutively for a total of 375 days in the Madison County Jail. Said sentences should *1256 each be suspended for a period of 2 years, with each term of probation running consecutively.
“3. The [father] should pay $100.00 per month toward child support ar-rearage totaling $22,430.73 in addition to the $158.00 per month he was previously ordered to pay. The [father] should pay interest on the above arrearage totaling $24,276.43. Said child support arrearage payments shall commence on December 21, 1996, and shall continue every month thereafter. Current support payments shall continue as previously ordered. Should an arrear-age exist when the minor child emancipates, the [father] should be required to continue paying both the current support and arrears payment amounts until all arrears and interest is paid in full.
“4. Said sums should be reduced to a judgment for which execution may issue. Interest should continue to accrue on said child support arrear-age until the judgment has been satisfied in full as provided in Ala. Code [1975,] § 8-8-10(1975).
[[Image here]]
“7. All other provisions of the Court’s previous Orders not affected herein should remain in full force and effect.”
On December 7, 2010, the juvenile-court judge entered an order ratifying the findings and recommendations of the referee, making said findings and recommendations the order of the court. See Rule 2(G), Ala. R. Juv. P. Neither the referee’s findings and recommendations nor the juvenile court’s order ratifying the same disposed of the father’s motion to establish visitation. The father filed his notice of appeal to this court on December 17, 2010.
“Although neither party has questioned this court’s jurisdiction, we must
consider whether we have jurisdiction over this appeal, because ‘“jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’”” Kelley v. Thomas, 878 So.2d 1168, 1171 (Ala.Civ.App.2003) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). “The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.” Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006). Our supreme court has defined a “final judgment” as “a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself.” Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala.1976).
In the present case, there has not been a complete adjudication of all the matters in controversy between the parties because the father’s motion to establish visitation remains unadjudicated. Because the juvenile court’s December 7, 2010, order ratifying the findings and recommendations of the referee was not a final judgment, this court does not have jurisdiction over the father’s appeal. We, therefore, dismiss the father’s appeal as being from a nonfinal judgment. See Hubbard, 935 So.2d at 1192.
APPEAL DISMISSED.
THOMPSON, P. J„ and PITTMAN, BRYAN, and THOMAS, JJ., concur.