THOMPSON, Presiding Judge.
Joseph. T. Overstreet (“the husband”) appeals from an order of the Clarke Circuit Court (“the trial court”) reducing the husband’s periodic-alimony obligation to Tammy Mauldin Overstreet (“the wife”). On December 29, 2010, the trial court en~ tered a judgment divorcing the parties. That judgment ordered the husband to, among other things, pay $500 per month in child support for.the parties’ minor child, L.H.O. (“the child”),[1] to be payable through the child’s 19th birthday; maintain health insurance on the child;[2] pay half of the child’s college expenses each year, not to exceed $2,350 per year; pay half of the child’s lab fees and other mandatory fees associated with her college courses; pay $350 per month for the child’s living expenses while she attends college; pay the child’s monthly automobile payment; maintain insurance on the child’s automobile and pay for all maintenance and repairs of that automobile; pay $1,200 per month in periodic alimony; and convey to the wife his interest in the marital residence.
On June 15, 2011, the wife filed in the trial court a petition for a rule nisi in which she alleged that the husband had failed to comply with most of the provisions of the divorce judgment. Thus, the wife asked the trial court to find the husband in contempt and to award her an attorney’s fee. The husband filed in the trial court an answer-'admitting that- he had not complied with the trial court’s orders in the divorce judgment, but he claimed a reduction in income as a defense.
The husband also filed a counterclaim asking the trial court, in consideration of the husband’s alleged reduction in income, to enter a judgment granting him the following relief: terminating his child-support obligation on the ground that the child had reached the age of majority; terminating his obligation to provide *175 health insurance for the child; terminating his obligation to pay the child’s living expenses; terminating his obligation to make the loan payments on the child’s automobile, to provide insurance on the automobile, and to pay for the maintenance and repairs of the automobile; terminating or “substantially reducing]” his periodic-alimony obligation; and reimbursing him for mortgage payments he made on the marital residence after the trial court entered the divorce judgment.
The trial court held a hearing, on August 14, 2014. The trial court heard arguments from the .parties’ attorneys but received no evidence. The trial court entered a September 3, 2014, order that, among other things, modified the husband’s periodic-alimony obligation to $335 per month. The husband filed a notice of appeal in which he argued that the trial court had erred by not terminating his periodic-alimony obligation.
“Although neither party has addressed whether this court has jurisdiction to hear this appeal, ‘jurisdictional matters are of such magnitude that wé take notice of them at any time and do so even ex mero motu.’ Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal. Hamilton ex rel. Slate-Hamilton v. Connolly, 959 So.2d 640, 642 (Ala.2006). A judgment is not final if it fails to completely adjudicate all issues between the parties. Giardina v. Giardina, 39 So.3d 204, 207 (Ala.Civ.App.2009) (citing Butler v. Phillips, 3 So.3d 922, 925 (Ala.Civ.App.2008)).”
Sexton v. Sexton, 42 So.3d 1280,1282 (Ala.Civ.App.2010).
In this case, the parties sought numerous forms of relief on several different claims. However, the September 3, 2014, order from which the husband has appealed does not dispose of most of those claims. For example, the order does not adjudicate, among other claims, the husband’s requests to terminate his obligation to provide health insurance for the child; to terminate -his obligation to provide for the child’s living expenses; to terminate his obligation to provide for the - child’s automobile payments, automobile., insurance, and automobile maintenance and repairs; or to reimburse the' husband for .mortgage payments he made after the entry of the divorce judgment. Likewise, the order does not dispose of the wife’s motion for contempt or her request for an attorney’s fee.[3] Thus; the order “fails to completely adjudicate all issues between the parties.” Sexton, 42 So.3d at 1282. In the absence of a judgment disposing of the parties’ claims, there is no final judgment from which the husband can appeal.
It appears that the trial court anticipated further proceedings in this case. However, the husband filed his appeal before those proceedings occurred. • Thus, we dis *176 miss the appeal with instructions for the trial court to conduct further proceedings.
APPEAL DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The parties have two children, but the older child had reached the age of majority at the time the trial court entered the divorce judgment.

.' The trial court also ordered the husband to maintain health insurance, on the parties’ older child for as long as the child was eligible to be covered on the husband’s policy.

. We note that, generally, a trial court’s failure to rule on a party’s request for an attorney’s fee does not affect the finality of a judgment. Wellborn v. Wellborn, 100 So.3d 1122, 1126 (Ala.Civ.App.2012). Thus, if the only unresolved claim in this case were the wife’s request for an attorney’s fee, the judgment would be final and, accordingly, would support an appeal.