MOORE; Judge.
Jerome W. Hughes (“the father”) appeals from a judgment of' the Houston Circuit Court (“the trial court”) entered in a contempt action filed against1 him by Valeriya M. Hughes (“the mother”). Because we conclude that the appeal has been taken from a nonfinal judgment, we dismiss the appeal.
The parties were divorced by a judgment entered by the trial court on August 25, 2014. The divorce judgment incorporated a settlement agreement entered between the parties, which provided, among other things, that the parties would share joint legal custody of the parties’ child, that the mother would have “primary physical custody”[1] of the parties’ child, and that the father would have specified visitation. Additionally, the settlement agreement provided that the father would pay no child support but that he would be responsible for all costs associated with *350 the child’s private-school education. The settlement agreement further provided that each parent would give the other parent the right of first refusal if he or she anticipated the child being left with someone other than a parent for more than one night; that, if either parent would be traveling more than 100 miles from Dothan, he or she would give the other parent 48 hours’ notice of the travel plans; and that neither parent would have overnight guests of the opposite sex while exercising custody or visitation with the child.
On October 14, 2014, the mother filed a petition for a rule nisi, asserting, among other things, that the father had told her that he intended to remove the child from the state and that he had violated the parties’ settlement agreement by allowing his girlfriend to stay overnight while he was exercising his visitation with the child.[2] The mother sought an emergency hearing and an order directing the Sheriff of Houston County to assist her in obtaining custody of the child.
On October 17, 2014, the father filed a response to the petition for a rule nisi as well as a petition for immediate temporary custody of the child. On that same date, the father filed with the trial court the affidavits of Doug Bauer, the headmaster at Ashford Academy, where the child was attending school, and Allyson Falgout, the child’s teacher at Ashford Academy. On October 28, 2014, the father filed a motion for an instanter order of temporary custody and a request for an immediate hearing; the father attached to his motion the affidavit of Jennifer Campbell, a counselor at Ashford Academy. On that same date, the trial court entered an order setting a pendente lite hearing for November 10, 2014. The father filed a “notice” to the trial court on October 30, 2014, informing the trial court that the child had been dismissed from Ashford Academy because of the behavior of the mother and her new husband; he attached to his notice a letter from Ashford Academy indicating that the child had been dismissed from the school. On November 3, 2014, the father filed a motion seeking the appointment of a guardian ad litem to represent the child’s interests; the trial court granted that motion, noting that the father would bear all costs of the guardian ad litem.
On November 9, 2014, one day before the scheduled pendente lite hearing, the father filed a notice of his intent to call witnesses at the pendente lite hearing and requested the presence of a court reporter at that hearing; the trial court entered an order denying that motion on November 10, 2014. On November 20, 2014, the trial court entered a pendente lite order, noting that all provisions in the settlement agreement of the parties that had been incorporated into the divorce judgment were to be followed unless modified by the November 20 order. The trial court also ordered the parties to complete parenting classes. It further ordered that the child was to be immediately re-enrolled at Ashford Academy, that the child was not to be withdrawn from Ashford Academy, and that the mother was to be respectful to all employees of Ashford Academy and was to follow the policies and procedures of the school at all times. The trial court ordered the mother not to direct and/or allow her new husband to speak on her behalf to employ *351 ees at Ashford Academy regarding the child and further ordered the mother not to direct or influence the child to refer to the father as “Jay,” noting that the father is the child’s father and should be referred to as such. The trial court also ordered the parties “not to influence the minor child in negative ways.”
Also on November 20, 2014, the father filed a “petition for modification in opposition to notice of change of residence.” The father asserted, among other things, that the mother had informed him that she intended to move with the child to Rhode Island on December 21, 2014. The father requested sole physical custody of the child or, in the alternative, an order preventing the mother from removing the child from Alabama. The father also filed that same day a petition for a rule nisi, asserting, among other things, that the mother had failed to give the father the right of first refusal to care for the child when the child was left with third parties for more than one night, that she had failed to give the father notice when she traveled more than 100 miles from Dothan, that she had deprived the father of his Wednesday night visitation with the child on October 22, 2014, that she had had guests of the opposite sex overnight during her custodial periods with the child, and that she had made disparaging comments about the father to the child, all in contravention of the parties’ settlement agreement incorporated into the divorce judgment.
On January 14, 2015, the mother filed a motion seeking an emergency hearing following the father’s alleged arrest. The mother requested, among other things, that any visitation the child might have with the father be supervised. The mother filed an amended motion on that same date requesting the issuance of a protective order keeping the father away from the child; the mother asserted that the father would abscond with the child. On January 15, 2015, the trial court set the matter for a hearing on January 27, 2015. On February 18, 2015, the trial court entered a temporary order modifying the father’s visitation with the child, instructing that, among other things, the father’s parents were to supervise his visitation with the child and the child was not to be taken to the father’s home at any time.
On May 15, 2015, the father filed another “petition for modification in opposition to notice of change of residence.” The father asserted in his petition that the mother had informed him that she intended to move to Auburn with the child. The father sought sole physical custody of the child or, in the alternative, an order preventing the mother from removing the child from Houston County. The mother filed an answer to the father’s petition on May 28, 2015. On that same date, the mother filed a counterclaim, seeking an award of attorney’s fees from the father. The father later filed a response to the mother’s counterclaim.
On June 9, 2015, the father filed an instanter motion to vacate the trial court’s February 18, 2015, temporary order and to reinstate the original custody/visitation order. Also on June 9, 2015, the trial court set the father’s instanter motion for a hearing on June 30, 2015. On June 30, 2015, the trial court reset the hearing for July 28, 2015. The father filed a motion on June 29, 2015, seeking, among other things, a transfer of the child’s custody to the father. At the July 28, 2015, hearing, as indicated in note 2, the trial court consolidated all the different actions involving the parties into a single action. At the outset of the July 28, 2015, hearing, the trial court stated that it intended to hear the father’s petition to modify custody at that time. Both parties presented evi- *352 denee, including testimony, at the hearing, at the end of which the trial court indicated that it was taking the case under advisement and entering an order for a 90-day trial period and noted that no final judgment was being entered in the case. On August 25, 2015, the trial court scheduled the case for a final hearing on November 3, 2015.
A proposed temporary order was submitted to the trial court on September 17, 2015, and, on September 18, 2015, the trial court entered a “temporary order” allowing the mother to move to Auburn with the child, allowing the father unsupervised visitation with the child, and modifying the father’s visitation times with the child, among other things. Following the November 3, 2015, hearing, at which the trial court declined to allow the father to submit additional evidence, the trial court entered a judgment on November 10,2015, awarding the parties joint legal custody of the child, with the mother having sole physical custody of the child. The trial court awarded the father visitation with the child three out of every four weekends per month beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on Sunday. The trial court further stated that “the court having been informed the minor child is going to public school, the [father] is to pay child support in the amount of $350.00 per month” beginning December 1, 2015. The father filed his notice of appeal to this court on December 15,2015.
“Although neither party has addressed whether this court has jurisdiction to hear this appeal, ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal. Hamilton ex rel. Slate-Hamilton v. Connally, 959 So.2d 640, 642 (Ala.2006). A judgment is not final if it fails to completely adjudicate all issues between the parties. Giardina v. Giardina, 39 So.3d 204, 207 (Ala.Civ.App.2009) (citing Butler v. Phillips, 3 So.3d 922, 925 (Ala.Civ.App.2008)).”
Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala.Civ.App.2010).
In this case, the parties sought different forms of relief on several different claims. The trial court’s November 10, 2015, judgment did not adjudicate the petition for a rule nisi filed by either party, and it did not dispose of the mother’s request for an award of attorney’s fees.[3] Although the petitions for a rule nisi were filed under different case numbers, the trial court consolidated the various actions into a single action. In Hanner v. Metro Bank & Protective Life Insurance Co., 952 So.2d 1056, 1061 (Ala.2006), our supreme court held that “a trial court must certify a judgment as final pursuant to Rule 54(b), Ala. R. Civ. P., before a judgment on fewer than all the claims in a consolidated action can be appealed.” Because the trial court both failed to rule on all the claims presented by the parties and did not certify its judgment as final pursuant to Rule 54(b), Ala. R. Civ, P., its November 10, 2015, judgment, which adjudicated fewer than all the claims in the consolidated action, is not a final judgment that will sup *353 port an appeal. See Hanner, supra, and Overstreet v. Overstreet, 191 So.3d 173, 175 (Ala.Civ.App.2015) (“In the absence of a judgment disposing of the parties’ claims, there is no final judgment from which the husband can appeal.”). Accordingly, we dismiss the appeal as having been taken from a nonfinal judgment.
The “motion to strike appellee’s brief’ filed by the father is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The parties and the trial court refer to the arrangement as "primary physical custody.” Because that is an incorrect term unrecognized in Alabama law, we use the term "sole physical custody” throughout this opinion to conform to the language used in § 30-3-150 et seq., Ala.Code 1975.

. Some of the filings in the record on appeal were made in case number DR-13-900510, case number DR-13-900510.01, case number DR-13-900510.03, or case number DR-13-900510,04. At the July 28, 2015, hearing, the parties agreed to consolidate "any and all matters” into case number DR-13-900510.02, and the trial court thereafter consolidated the cases. Because all the cases were consolidated by the trial court, in this opinion we do not identify in which case each document was filed in the trial court.

. Although, generally, a trial court's failure to rule on a party's request for an award of attorney’s fees does not affect the finality of a judgment, see Wellborn v. Wellborn, 100 So.3d 1122, 1126 (Ala.Civ.App.2012), because there are additional claims in this case that are unresolved, the judgment is not final. See Overstreet v. Overstreet, 191 So.3d 173, 175 (Ala.Civ.App.2015).